# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| RAYMOND ALBERT RODRIGUEZ, | § | |
| | § | |
| *Plaintiff,* | § | |
| v. | § | |
| | § | Civil Action 4:14-cv-00968 |
| ELI LILLY AND COMPANY; | § | |
| LILLY USA, LLC; and | § | |
| JULIA DAWN RAMOS, | § | |
| | § | |
| *Defendants.* | § | |

**DECLARATION OF MELISSA A. POPA**

I, the undersigned, Melissa A. Popa, state upon my personal knowledge as follows:

1. I am an adult over age 18 of sound mind and competent to testify as to all matters contained in this declaration. All matters contained in this declaration are based on my personal knowledge.

2. I started employment with Eli Lilly and Company ("Lilly") on May 2001. I am currently employed as a Human Resources Consultant in Lilly's global investigations department and have been in this role since October 2013. Immediately prior to this role, I was a Human Resources Consultant in Employee Relations since summer of 2010. My responsibilities as a Human Resources Consultant in Employee Relations also included conducting investigations.

3. One of my regular job duties is to investigate allegations of policy violations, including allegations of potential misconduct, such as call falsification; meal, expense, and call reporting; and non-compliance with Lilly policies.

4. Pursuant to Lilly's Red Book, all Lilly employees have an ethical obligation to report to the company any known or suspected violation of the law; company policies, standards, or procedures; and any requests to do something that might be a violation. Attached as **Exhibit 1**

is a true and correct copy of relevant excerpts of the Red Book in effect while Mr. Rodriguez was a sales representative.

5. Lilly maintains records regarding employees' training as part of its ordinary business practice. Among other topics, Mr. Rodriguez received training on promotional product samples, business meals with external parties, and documenting a sales call. Attached as **Exhibit 2** is a true and accurate copy of Mr. Rodriguez's training history. This record was created at or near the time of the events described in the document by or from information transmitted by individuals with personal knowledge and the records are made and retained by Lilly in the regular course of business. It is Lilly's regular business practice to retain such records.

6. Attached as **Exhibit 3** is a true and accurate copy of the investigation notes for the investigation Ms. Ramos and I conducted in September and October 2013 regarding Mr. Rodriguez. These notes were prepared at or near the time of the events described in the document by or using information transmitted by a person with personal knowledge and retained by Lilly in the regular course of business. It is Lilly's regular business practice to retain such records.

7. On September 3, 2013, District Sales Manager Julia Ramos forwarded to Lilly Human Resources an email she received from Syreeta Barrett, one of Mr. Rodriguez's coworkers. I included the text of Ms. Barrett's email in my interview notes on page three.

8. After reviewing the email, it is my understanding that Lilly Human Resources determined that the allegations warranted a formal investigation, and the investigation was assigned to me.

9. After I reviewed Ms. Barrett's allegations, I interviewed her for additional details and fact-gathering. Among other things, Ms. Barrett reported to me that Mr. Rodriguez told her that he never connected his TempTale monitor to his computer, which meant that Lilly Customer Information Quality would have no record of alarms. Ms. Barrett also provided very detailed information about a "sales call" on Dr. Ronald Killam. Ms. Barrett recalled that in mid-August, both she and Mr. Rodriguez visited Dr. Killam's office, and he was not there. Lilly's definition of a "sales call" requires a face-to-face interaction with a health care provider, but despite this, Mr. Rodriguez told her that he intended to record a "sales call" on Dr. Killam. Ms. Barrett refused to do so and reported that Mr. Rodriguez became "mad" because he wanted their calls to match up. Barrett also confirmed that Mr. Rodriguez told her that lunch sign-sheets were "not a big deal" and that "he is not going to bother the [doctors]" with tracking them down for a signature.

10. I consulted with Ms. Ramos about the investigation and asked her to contact Dr. Killam's office to determine whether he was in the office on August 20, 2013, which is the day on which Mr. Rodriguez had recorded a "sales call"—i.e., a face-to-face interaction—with him.

11. After gathering as much information as possible about the concerns Ms. Barrett expressed, including reviewing expense reports, lunch sign-in sheets, and Mr. Rodriguez's call history, Ms. Ramos and I interviewed Rodriguez on October 15, 2013. During the interview, Mr. Rodriguez's answers to our questions were at times inconsistent with each other and at other times inconsistent with what Ms. Barrett had reported. For example, when asked about the specific sales call with Dr. Killiam in August, Mr. Rodriguez initially described the call. His answer changed when confronted with the fact that Dr. Killiam had not been in the office that day. Both of these responses were inconsistent with Ms. Barrett's report that Mr. Rodriguez had

told her that he would be entering a call (deliberately) even though Dr. Killiam was not there.

12. During the interview, Mr. Rodriguez's answers were also inconsistent with Ms. Barrett's report that Mr. Rodriguez had boasted of ignoring his TempTale monitor.

13. After the interview and after Lilly Customer Information Quality received the electronic history from Mr. Rodriguez's two TempTale monitors, it was confirmed that not only were the TempTales in alarm status but that the history showed numerous instances of temperature variances outside the acceptable ranges, starting on June 11, 2013 (approximately four months earlier). One alarm had been triggered on June 11, 2013, and the second alarm had been triggered on June 29, 2013.

14. At the end of our investigation, Ms. Ramos and I concluded that Mr. Rodriguez had violated multiple Lilly policies and had committed "misconduct," which is an immediately separable offense. Dishonesty is just one example of misconduct.

15. Ms. Ramos and I concluded that Mr. Rodriguez falsified a sales call on Dr. Killam by deliberately recording a call on him even though he had not seen him. In reaching this conclusion, we credited Ms. Barrett's description of what had occurred, which was partly corroborated by our investigation (e.g., Ms. Barrett reported that Dr. Killiam was out of the office, and we confirmed that). We also concluded that Mr. Rodriguez was not forthright during the investigation about this sales call. We finally concluded that Ms. Barrett's report that Mr. Rodriguez encouraged her to also falsify a sales call was credible. Attached as **Exhibit 4** is a true and accurate record showing the sales call Mr. Rodriguez reported for Dr. Killam on August 20, 2013.

16. Ms. Ramos and I also concluded that Mr. Rodriguez misreported at least three office lunches because his expense reports did not match the accompanying sign-in sheets. For example, for a June 27, 2013, office lunch, Mr. Rodriguez reported on his expense records that 20 participants attended. However, the accompanying sign-sheet documents only 14 participants. For a July 18, 2013, office lunch, Mr. Rodriguez reported on his expense records that 20 participants attended, but he submitted a sign-in sheet with only 10 participant names. For a July 24, 2013, lunch, Ms. Rodriguez reported on his expense records that nine participants attended, but the accompanying sign-in sheet shows only five participant names. This violated Lilly's Policy on Business Meals with External Parties, which requires sales representatives to accurately report business meals—including the number of attendees. We also concluded that Ms. Barrett's report that Mr. Rodriguez encouraged her to similarly ignore Lilly's policy regarding business meals was credible. Attached as **Exhibit 5** are true and accurate copies of the expense reports in which Mr. Rodriguez reported the number of participants, and attached as **Exhibit 6** are true and accurate copies of the accompanying sign-in sheets.

17. Ms. Ramos and I also concluded that Mr. Rodriguez failed to monitor his TempTale monitors and failed to report TempTale alarms. Both of Mr. Rodriguez's TempTales were in alarm status and the history showed numerous instances of temperature variances outside the acceptable range, starting on June 11, 2013. Once the TempTale registers the alarm, it cannot be reset. Thus, the TempTales in Rodriguez's refrigerators had been registering an alarm continuously for approximately four months. Mr. Rodriguez never reported a TempTale alarm. .

18. We further concluded that Ms. Barrett's report that Mr. Rodriguez encouraged her to similarly ignore TempTale monitors credible. Just as importantly, however, we concluded that Mr. Rodriguez lied about his TempTale monitor. Mr. Rodriguez told us that he checked his

TempTale monitor "every day" and that the monitors had never alarmed. Because the TempTale monitors had alarmed and had done so months before the interview, Mr. Rodriguez either lied to us about checking the monitor every day or lied about the alarms not being triggered.

19. Call falsification and misreporting meals and expenses—and lying about these and other policy violations and encouraging a coworker to also violate Lilly policy—are considered misconduct, an immediately separable offense. Lying during an investigation, standing alone, is misconduct and an immediately separate offense.

20. Accordingly, Mr. Rodriguez's employment was terminated for misconduct on October 17, 2013.

21. Whenever there is the potential that a field-based Lilly employee may be separated, a standard practice is to determine whether use of security personnel are appropriate. Security is used in the vast majority of these cases. Security personnel assist in securing company property, which includes samples and, here, the TempTale monitors. Nothing about Mr. Rodriguez personally, including any alleged disability, played any part in the decision about whether to use security personnel during his interview and to assist in collecting the TempTale monitors.

22. Mr. Rodriguez's alleged disability and FMLA status, if any, were not factors in the decision to terminate his employment. Nor was his employment terminated in retaliation for taking leave or for making any complaints. Rather, Mr. Rodriguez was discharged due to his serious misconduct described above.

23. Based on my experience as a human resources consultant for Lilly, I am not aware of any employee who has been found to have committed the multiple instances of

misconduct Mr. Rodriguez committed but was not discharged.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 13 2015.

Melissa A. Popa

US.55885070.02

**<u>Rodriguez v. Eli Lilly and Company, *et al.*</u>**

**<u>Declaration of Melissa A. Popa</u>**

**<u>Exhibit 1</u>**



The Red Book
Code of Business Conduct 2012

> In our competitive and ever-changing environment, one that is experiencing increased and vigilant scrutiny, doing things the right way, with reflection and conviction, provides Lilly with a competitive advantage.
>
> *John C. Lechleiter, Ph.D.*

# Table of Contents

**Introduction**
Message from the CEO ........ 2
Grounded in History ........ 3
Overview ........ 4

**Compliance and Reporting**
Grounded in History ........ 5
Leader Introduction ........ 6
Key Principles ........ 7
References ........ 8
Integrity in Action ........ 9

**Safety-Related Reporting Obligations**
Grounded in History ........ 11
Leader Introduction ........ 12
Key Principles ........ 13
References ........ 14
Integrity in Action ........ 16

**In the Workplace**
Grounded in History ........ 17
Leader Introduction ........ 18
Key Principles ........ 19
References ........ 19
Integrity in Action ........ 21

**Information Asset Protection**
Grounded in History ........ 23
Leader Introduction ........ 24
Key Principles ........ 25
References ........ 26
Integrity in Action ........ 28

**Interactions with External Parties**
Grounded in History ........ 31
Leader Introduction ........ 32
Key Principles ........ 33
References ........ 34
Integrity in Action ........ 35

**Transactions**
Grounded in History ........ 41
Leader Introduction ........ 42
Key Principles ........ 43
References ........ 43
Integrity in Action ........ 45

**Going Forward**
Grounded in History ........ 47
Ethical Decision Making ........ 48
Leader Closing ........ 50

Confidential

# Overview

Our Code of Business Conduct, *The Red Book*, provides direction for conducting business consistent with the company's values, legal obligations, and policies and standards. It reminds us about the company's fundamental expectations for behavior we must meet or exceed every day. *The Red Book* demonstrates how to act with integrity, which is a key part of living the Lilly brand in our dealings with peers, supervisors, subordinates, patients and customers, government representatives, suppliers, business partners, and other external parties.

*The Red Book* is an important, foundational element of Lilly's brand, culture, and overall ethics and compliance program. *The Red Book* content is presented in a principles-based format. As in past years, Integrity in Action examples provide opportunities to practice applying the principles. (Please note that the names of companies and various product names and indications used in the examples are fictional and used for illustrative purposes only.) References are also provided to review when reading *The Red Book* or in the future.

*The Red Book* principles apply to all employees globally regardless of their jobs or geographic locations. Details to support *The Red Book* principles, and other elements of Lilly's ethics and compliance program, can be found in company policies, standards, and other materials available through the Global Ethics and Compliance LillyNet site or in areas where function-specific policies, standards, procedures, and other materials are stored. The company also provides additional job specific information and training to employees as appropriate for their responsibilities.

Refer back to the Integrity in Action examples in *The Red Book* as often as needed. If the facts of a particular example seem unrelated to your job, challenge yourself to think about other ways the principles illustrated apply to your specific role.

*The Red Book* applies not only to employees but to certain other external parties with whom Lilly has business dealings. It applies to:

- members of the Lilly board of directors when carrying out their duties as directors,
- certain business partners in the United States who are required to certify that they have a comparable code of conduct or to be trained on *The Red Book*, and
- *some employees of third-party vendors to Lilly.*

Expectations of other external parties globally are established by contract. Lilly employees in the U.S. who have questions about vendor code of conduct requirements should consult with the flexible staffing group in human resources, the procurement representative for their area, or an ethics and compliance representative. International employees who have questions on this topic should consult with representatives from Lilly Legal, procurement, and human resources.

The company expects that you will apply the knowledge you gain from *The Red Book*. You are expected to:

- act with integrity,
- think critically and ethically,
- apply good judgment, and
- follow the training you receive.

You will encounter different situations in your work, some of which may not be directly addressed in *The Red Book* or a company policy, standard, or procedure. If you have questions about applying legal and/or company requirements, it is your responsibility to ask for advice or clarification from your supervisor or other member of line management or other employees who have the right expertise. The important thing is that you recognize when you need to seek more information or assistance and that you actively seek it.

## **Key Principles:** Compliance and Reporting

### Conduct business with a commitment to ethical decision-making and compliance.

- **Understand and comply with all legal and company requirements** that apply to company business and to each of our specific jobs, including:
  - local laws and official orders and decrees that apply to company business, and
  - company policies and standards (global and local) and procedures.

Lilly is a global, public corporation organized in the United States that operates in a highly regulated industry. Some U.S. laws extend to the operations of Lilly and its affiliates throughout the world. In addition, Lilly is subject to laws of various countries, provinces, states, and organizations, some of which also apply across borders.

Wherever you conduct Lilly business, you must understand the requirements for that location.

- If the local laws and policies are **more** restrictive than *The Red Book* provisions or global company policies, you **must** conduct your activities in accordance with the more restrictive local requirements.
- If the company policy or standard is more restrictive than local law, you must meet the company's requirements unless an exception has been authorized for your geography or functional area.
- If you are conducting a business activity that touches participants from more than one country, you need to seek advice on all local laws and policies that could apply to the activity.
- If there is a conflict between the laws of two or more countries that apply to the same situation, consult a company attorney to understand how to resolve the conflict properly. If there is a conflict between local policies, contact an ethics and compliance representative for advice.

- **Complete training on time.** This includes annual Red Book training and all other company-required training.
- **Seek information, clarification, or other assistance.** Ask for help when the ethical or legal thing to do is not clear. In some situations, it is not easy to know the correct action to take. If you are unsure about what to do, seek guidance from those with appropriate local knowledge and expertise. You may contact:
  - a supervisor or other member of line management,
  - human resources personnel,
  - a company attorney, or
  - ethics and compliance personnel.

### Report any known or suspected violations.

- All employees have an ethical obligation to report to the company any known or suspected violation of the law; company policies, standards, or procedures; official orders or decrees that apply to company business; and any requests to do something that might be a violation. Local legal requirements and processes for reporting vary; see additional information below.
- Employees are also encouraged to report other ethical concerns or issues even if they do not relate directly to a law or company policy, standard, or procedure.
- Reports should be made not out of fear but out of respect for our customers, our business partners, for one another, and most importantly, for the patients who use Lilly medicines.
- The company expects employees to report concerns so that the company can evaluate the reports and identify and correct any problems promptly.

### Because reporting processes vary depending on geographic location, employees must follow the reporting process established locally.

- Information explaining the various ways to make a report is provided at the Report a Concern page on the Global Ethics and Compliance LillyNet site.
- Lilly is required by U.S. law to offer a Hotline as one of the reporting options available to its employees.
- Lilly's Ethics and Compliance Hotline is available internationally and is operated by an independent company 24 hours a day, 7 days a week. The Hotline offers translation services and an anonymous reporting option. All reports made to the Hotline are referred to Lilly for evaluation by the appropriate company employees who have expertise in the subject matter of the report.

**To contact the Hotline:**

- **In the United States,** call 1.800.815.2481 or submit a report online at www.lillyethics.ethicspoint.com.
- In other locations **internationally,** employees may go to www.lillyethics.ethicspoint.com and select the country where the report is to be made. The correct telephone number will be provided for that country. International employees may also submit reports online at www.lillyethics.ethicspoint.com.
- In the **European Union, Switzerland,** and **Turkey,** local laws restrict the availability of the Hotline. For example, there are limits in these locations on the types of reports that can be accepted through the Hotline and restrictions on how the reports are received. For more specific information about reporting in these locations, see the Report a Concern page on the Global Ethics and Compliance LillyNet site.
- **If you are uncertain** about the appropriate processes or limitations for making reports in your location, please seek direction from your supervisor, a

human resources representative, an ethics and compliance representative, or a company attorney.

### Report ethics and compliance concerns expressed by external parties.

- If anyone raises any ethics or compliance concern about the company with an employee, the employee should report the concern as outlined previously, following the local affiliate reporting process.
- In the United States, employees may also offer health care providers the option of making a direct report via:
  - the Health Care Provider Hotline: 1.877.237.8197 or
  - the Health Care Provider website available publicly on Lilly's website.

### Employees must notify the company within five (5) calendar days if they are excluded or restricted in any other way from doing business with any government if the exclusion or restriction would prevent an employee from fulfilling his or her employment obligations.

### The company promptly investigates all reports of ethical violations or non-compliance and determines whether there has been a violation.

- Concerns are reviewed and all related facts are considered. Corrective action is taken where appropriate. These actions may include any or all of the following, subject to local law:
  - revisions to a policy or standards,
  - enhanced employee training on a particular topic,
  - some action to mitigate a risk (e.g., eliminating an ergonomics hazard), or
  - feedback to or discipline of an employee, up to and including termination.

### The company does not tolerate retaliation by any employee against another employee or any other person for:

- reporting actual or suspected violations, making a complaint, or otherwise bringing inappropriate conduct to the company's attention,
- preventing unlawful practices, or
- participating in an investigation, proceeding, or hearing.

It is critical that supervisors take appropriate measures to prevent retaliation in their areas of responsibility.

### Employees are subject to disciplinary action, subject to local law, for:

- authorizing or participating in an activity that results in a violation of the law; company policies, standards, or procedures; or an official order or decree that applies to company operations,
- failing to report a violation or suspected violation,
- refusing to cooperate with the investigation of a suspected violation,
- retaliating against an individual who reports a suspected violation,
- failing to complete required training,
- making statements or reports or creating records the employee knows are false, or
- in the case of a supervisor, failing to detect a violation if this resulted from inadequate supervision.

Circumstances vary in each case involving the potential for disciplinary action by the company. Therefore, each situation is handled individually. The nature and level of any action taken will depend on the nature and severity of the problem, expectations of the position, and circumstances involved. If disciplinary action is warranted, subject to local law, it may range anywhere from a warning to termination of employment. In certain circumstances, individual employees could even be subject to criminal fines, imprisonment, and an official prohibition on working in the pharmaceutical industry.

## References

**If you have questions about the principles in this module, please see the following references.**

- *Global Policy on Compliance*
- *Global Policy on Governance of Global Policies, Global Standards, and U.S.-All Policies*
- *Global Ethics and Compliance LillyNet site*
- *U.S. Policy on Compliance with Fraud and Abuse Laws and Whistleblower Protections*

Confidential LLY-ROD0000621

# **Integrity in Action:** Compliance and Reporting

### *Mariana's Morning in Manufacturing*

**Q:** Mariana is the senior operator for a Puerto Rico manufacturing plant site and is being shadowed by Hector, a new hire, on his first day. When Mariana asks her colleagues for a volunteer to add a catalyst to the B reactor tank, Hector offers to help. Mariana asks Hector if he has been trained on the process. Hector states he did this activity many times for his previous employer. Is there anything that should concern Mariana about Hector's offer?

**A:** Hector's offer to help presents a concern because he should not engage in work activities at Lilly until he has completed proper training. Despite previous work experience and/or training received from another company, Hector should not participate in Lilly work activities until he has completed all Lilly training required for his new position. See the Global Policy on Compliance.

**Q:** Guillermo, Mariana's supervisor, overhears Mariana's conversation with Hector. Guillermo affirms that, although Hector has performed similar work in his previous position, he must complete all of the training Lilly requires before he can perform a task unsupervised at a Lilly plant. Hector acknowledges this clarification and also offers to share his previous employer's secret method of adding catalysts to reactor tanks. Is Lilly entitled to information Hector learned at another company?

**A:** No. Lilly is committed to respecting the trade secrets of others. Hector must not violate his obligation of confidentiality to his prior employer or any other third party. Mariana and Guillermo must not request or accept confidential information that belongs to an external party when Hector has no authorization to disclose it. See the Global Policy on Company and External Party Information Assets. If the expectations of this policy exceed requirements of local law, the policy expectations must still be met.

**Q:** Guillermo informs Mariana that he must go to a short meeting at another site and that he will check in with her after that meeting. On his way in to the other Lilly facility, Guillermo slips in an entryway that is wet with rainwater. He falls hard, strikes his head, and is knocked unconscious. Esteban, who is not a health care professional and has no emergency medical training, exits the same door moments later and finds Guillermo. What should Esteban do?

**A:** Guillermo is unconscious and may have a serious internal head injury. The appropriate immediate action is for Esteban to contact the local Lilly security team and inform local management. He should also stay with Guillermo until qualified medical help arrives. Esteban should not attempt to move Guillermo, or to assess or treat Guillermo's injuries himself, as he could make the injuries worse. If this incident happened at a site where there is no local site security, it would be appropriate to instead call the local public emergency service. See the Global Policy on Health, Safety, and the Environment. If Esteban were a health care professional or had otherwise received emergency medical training that qualified him to administer first aid, he could also have provided such aid to the extent qualified by this training, while he awaited the emergency responders.

**Q:** Mariana receives news that Guillermo had an accident. She sends an e-mail to all her coworkers to inform them of the accident and that Guillermo will not be back at the plant today. She instructs her colleagues to contact her if they need assistance from a supervisor. Mariana's e-mail also explains that Guillermo suffered a terrible concussion and will spend several days in the hospital. She invites them to stop by her desk to sign a card to wish Guillermo a speedy recovery. Was it acceptable for Mariana to send this message?

**A:** It depends on whether Mariana had permission from Guillermo to share his private medical information. Employees must not share personal medical information about others without specific permission. Although it was acceptable for Mariana to inform colleagues of the fact that Guillermo had an accident, it is unlikely that Guillermo was in any condition to even speak to Mariana, let alone authorize her to share the details about his personal medical injuries. See the Global Policy on Privacy and Data Protection.

**Q:** If this incident happened in the European Union, what would be the acceptable way to report Mariana's privacy violation?

**A:** It would NOT be appropriate to report this incident in the European Union using the company's Ethics and Compliance Hotline. The Hotline may NOT be used in the EU to report matters unless they relate to accounting, auditing, banking, bribery, internal controls, or financial issues. Since this matter pertains to privacy, the situation should be reported through another channel following the approved local reporting processes, for example, to a representative from human resources or ethics and compliance, or to the local affiliate or site committee designated to receive such reports. See the Global Policy on Compliance.

Confidential

## *Bianca and the Booth*

**Q:** Bianca is a sales representative working at a Lilly promotional booth at a global congress on oncology. Dr. Baudelet stops by the booth and tells Bianca she has heard that Lilly recently received approval for a drug for the treatment of bone cancer in adults. Dr. Baudelet requests information about the treatment of adolescents with this new drug, as many of her patients are children. Bianca responds that, since the drug is not approved for use in adolescent patients, she cannot answer her questions. She offers to refer the doctor to a medical contact who can. Dr. Baudelet says she has a patient who is really struggling, and she asks if Bianca could please just provide her with the information immediately. How should Bianca respond?

**A:** In this context, the best option is for Bianca to refer Dr. Baudelet to a medical colleague in the Lilly medical booth or request the doctor's contact information so that a Lilly medical representative can reply to her directly. See the Global Policy on Ethical Interactions with External Parties and the Global Standards on Disclosing Off-Label Information.

**Q:** The next physician to approach Bianca in the booth is Dr. Gomez. He tells Bianca that he has been impressed with Lilly's charitable activities, notably Lilly's support for multiple drug resistant tuberculosis programs. He explains that many of the people who live where he practices medicine do not have much access to health care. He explains further that his practice group is opening a new clinic to make health care more accessible. Screening and educational programs will be offered so that symptoms can be identified early enough to initiate treatment before diseases become advanced. Dr. Gomez explains to Bianca that education is critical but that the clinic budget is very small. He asks if Lilly would be willing to fund an educational program about the benefits of cancer screening. How should Bianca respond to Dr. Gomez?

**A:** Bianca must advise Dr. Gomez that all requests for grants or donations need to be submitted through the appropriate local Lilly review process, ask him to apply through that process, and explain that grant requests are evaluated by a special review committee. Requests for grants or donations must not be solicited by Lilly employees. See the Global Standards on Grants and Donations. Bianca should follow the training she was given on where to refer Dr. Gomez to submit his request. Bianca should not assist Dr. Gomez in preparing the application, and she must not promise Dr. Gomez any funding or encourage the review committee to approve the funding.

**Rodriguez v. Eli Lilly and Company, *et al.***

**Declaration of Melissa A. Popa**

**Exhibit 2**

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 22736 | AD01009 | Safety Orientation | 3 | 02/15/2000 | Completed |
| 22738 | AD01011 | SHELTER IN PLACE | 2 | 02/15/2000 | Completed |
| 22745 | AD02D01 | DSOP 1 Estab. and Maint. SOPs | | 02/16/2000 | Completed |
| 22776 | AD02D05 | DSOP 5 DSOP training | | 02/16/2000 | Completed |
| 60272 | AD03023 | Ergosmart | | 02/17/2000 | Completed |
| 22940 | VLCDCN1497 | ErgoSmart | | 02/17/2000 | Completed |
| 70192 | IS02015 | Info.Asset Protect Policy | | 02/28/2000 | Completed |
| 22820 | AL02003 | SYSTEM MECHANICS | | 03/07/2000 | Completed |
| 22776 | AD02D05 | DSOP 5 DSOP training | | 03/29/2000 | Completed |
| 24010 | MF16033 | CORP. INTRO TO G.M.P. | 3 | 05/03/2000 | Completed |
| 22923 | DC03060 | STRUCTURED WRITING | 1 | 05/15/2000 | Completed |
| 22745 | AD02D01 | DSOP 1 Estab. and Maint. SOPs | | 07/06/2000 | Completed |
| 23937 | GL22045 | Fraud: Causes and Detection | | 07/17/2000 | Completed |
| 24525 | RA02031 | DocMan CBT | 1 | 10/10/2000 | Completed |
| 60238 | AD02D28 | FACILITIES CHANGE CONTROL 314 | | 12/21/2000 | Completed |
| 39008 | AD03034 | Good Documentation Practices | | 12/21/2000 | Completed |
| 71816 | LRTD355 | Advanced Photoshop | | 01/02/2001 | Completed |
| 38983 | AD02D55 | Pest Control for Bldg 312/314 | 1 | 06/11/2001 | Completed |
| 50522 | MF16035 | Chgs to Corp Quality Policies | 1 | 07/24/2001 | Completed |
| 22750 | AD02D05 | DSOP 5 DSOP training | 4 | 08/31/2001 | Completed |
| 22903 | CCS0001 | Computer System Validation Po | 1 | 10/01/2001 | Completed |
| 28214 | CCS0004 | Appropriate Use of Electronic Resources | 1 | 10/01/2001 | Completed |
| 28218 | CCS0006 | Policies, Procedures and Tools | 1 | 10/01/2001 | Completed |
| 22910 | CCS0008 | Elect.Records/Elect.Res.Proce | 1 | 10/01/2001 | Completed |
| 23997 | IS40017 | Application Source Code Rev. | | 10/01/2001 | Completed |
| 39025 | AD15002 | GMP Update | 1 | 10/04/2001 | Completed |
| 24014 | MF16226 | Overview of the DQS | | 10/04/2001 | Completed |
| 38676 | MF16551 | GMP UPDATE - WEB BASED! | 0 | 10/04/2001 | Completed |
| 22904 | CCS0002 | Physical & Logical Sec Policy | 1 | 10/29/2001 | Completed |
| 28212 | CCS0003 | Computer System Virus Protection | 1 | 10/29/2001 | Completed |
| 28216 | CCS0005 | Use of Temporary Electronic Media | 1 | 10/29/2001 | Completed |
| 22909 | CCS0007 | Elect.Records;Elect resource | 1 | 10/29/2001 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 23996 | IS30006 | Software Vendor Assess-Select | | 10/29/2001 | Completed |
| 22921 | DC01010 | Global New Employee Orientation | 1 | 12/03/2001 | Completed |
| 67657 | EN02408 | PIT Crew School 101 | | 12/05/2001 | Completed |
| 49371 | KLM0652 | LM065#2 OPERATIONAL CHECK OF | | 01/08/2002 | Completed |
| 49963 | KYA1673 | YA167#3 LUBRICATION OF | | 01/08/2002 | Completed |
| 49278 | KLE0514 | LE051#4 CALIBRATION OF KAYE | | 01/10/2002 | Completed |
| 49150 | KHH0544 | HH054#4 CLEAN STEAM GENERATOR | | 01/14/2002 | Completed |
| 49243 | KLA0672 | LA067#2 CALIRATION CHECK FOR | | 01/14/2002 | Completed |
| 49265 | KLC0702 | LC070#2 PM PROCEDURE FOR THE | | 01/14/2002 | Completed |
| 49824 | KRM0514 | RM051#4 INSPECTION/CLEANING | | 01/14/2002 | Completed |
| 49926 | KYA1095 | YA109#5 CENTAC AIR COMPRESSOR | | 01/14/2002 | Completed |
| 47134 | EN03502 | Partners in Leadership | 1 | 02/08/2002 | Completed |
| 22931 | DC05014 | TARGETED SELECTION | 1 | 02/11/2002 | Completed |
| 49029 | KGA0154 | GA015#4 DEVIATION AND | 1 | 02/26/2002 | Completed |
| 44526 | DC04029 | INTER FOR EFFECTIVE LDRSHIP | 1 | 03/08/2002 | Completed |
| 43430 | CP23002 | Intro to SPC | 1 | 04/25/2002 | Completed |
| 111821 | MF16901 | Quality Boot Camp | 2 | 04/25/2002 | Completed |
| 52941 | PESY101 | MAXIMO LEVEL 1 | 1 | 04/26/2002 | Completed |
| 80104 | VLCLEAP Ovw | LEAP-LDS Overview | 01 | 06/08/2002 | Completed |
| 36071 | GBWPL36 | Workplace3-Training and Development | 3.0 | 07/01/2002 | Completed |
| 80104 | VLCLEAP Ovw | LEAP-LDS Overview | 01 | 08/06/2002 | Completed |
| 47897 | HS14000 | CONCEPTS, ALLERGY PREVENTION | 1 | 08/13/2002 | Completed |
| 79978 | LEAP-LDS | LEAP-LDS | 01 | 09/16/2002 | Completed |
| 37453 | MF16551 | GMP UPDATE - WEB BASED! | 6 | 09/26/2002 | Completed |
| 50355 | LTHS999 | Back Safety | 1 | 10/08/2002 | Completed |
| 49034 | KGA0314 | GA031#4 RETENTION OF RECORDS | 1 | 11/26/2002 | Completed |
| 49066 | KGA0861 | GA086#1 GOOD DOCUMENTATION | 1 | 11/26/2002 | Completed |
| 22944 | VLCDCO2356 | Performance Management CBT | 1 | 11/26/2002 | Completed |
| 47902 | HS14061 | BLOODBORNE PATHOGEN AWARENESS | 1 | 12/06/2002 | Completed |
| 52650 | PE00076 | Environmental Awareness | 1 | 12/06/2002 | Completed |
| 52708 | PEGE041 | Environmental ?s for maint. | 1 | 12/06/2002 | Completed |
| 52941 | PESY101 | MAXIMO LEVEL 1 | 1 | 01/01/2003 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 86155 | IS01267 | OneRAS Multimedia Training | 1 | 01/07/2003 | Completed |
| 49031 | KGA0188 | GA018#8 PREPARATION, REVIEW, | | 01/13/2003 | Completed |
| 98736 | MF16213 | Intro to Prod. Quality System | 6 | 01/13/2003 | Completed |
| 49086 | KGA1091 | GA109#1 INDIANAPOLIS AND | 1 | 01/14/2003 | Completed |
| 49088 | KGA1131 | GA113#1 CONDUCT OF INDPLS. | 1 | 01/14/2003 | Completed |
| 49091 | KGA1171 | GA117#1 MANAGEMENT OF NEW OR | | 01/14/2003 | Completed |
| 101267 | MF16551 | GMP UPDATE | 7 | 01/29/2003 | Completed |
| 24438 | PA05001 | Tools&Techniques of Proj. Mgt | 1 | 02/04/2003 | Completed |
| 52066 | P016132 | Corp. Procedure 016132-006 | 6 | 02/21/2003 | Completed |
| 51996 | P001723 | CORP 001723 - Use of GMP Consultants... | 5 | 02/22/2003 | Completed |
| 52123 | P023097 | Corp. Procedure 023097-002 | 2 | 02/22/2003 | Completed |
| 101267 | MF16551 | GMP UPDATE | 7 | 02/25/2003 | Completed |
| 104091 | QQ00400 | GIMS Business Process | 7 | 02/26/2003 | Completed |
| 104093 | QQ00402 | GIMS Docu. Deviation Investigations | 7 | 02/26/2003 | Completed |
| 99730 | QQ00410 | GIMS Updating Countermeasures/Actions | 5 | 02/26/2003 | Completed |
| 99731 | QQ00411 | GIMS Documenting Incidents | 5 | 02/26/2003 | Completed |
| 99523 | QQ00412 | GIMS Documenting Root Cause Investigatio | 5 | 02/26/2003 | Completed |
| 99522 | QQ00413 | GIMS Orientation | 5 | 02/26/2003 | Completed |
| 99394 | QQ00414 | GIMS Review/Approve RCIs/Deviation Rpts. | 6 | 02/26/2003 | Completed |
| 49073 | KGA0941 | GA094#1 PREVENTIVE MAINT. | 1 | 04/07/2003 | Completed |
| 49075 | KGA0971 | GA097#1 REPORTING OF QUALITY | 1 | 04/07/2003 | Completed |
| 49077 | KGA1001 | GA100#1 DEVELOPMENT AND | 1 | 04/07/2003 | Completed |
| 49083 | KGA1061 | GA106#1 USE AND MAINTENANCE | 1 | 04/07/2003 | Completed |
| 49085 | KGA1081 | GA108#1 COMPUTERIZED MAINT. | 1 | 04/07/2003 | Completed |
| 49064 | KGA0841 | GA084#1 ROLES AND RESPONSIBIL | 1 | 04/09/2003 | Completed |
| 49065 | KGA0851 | GA085#1 PERSONNEL SANITATION, | 1 | 04/09/2003 | Completed |
| 49071 | KGA0921 | GA092#1 GMP SELF-INSPECTION | 1 | 04/09/2003 | Completed |
| 86339 | QQ00500 | GCMS Basics | 5 | 04/22/2003 | Completed |
| 86332 | QQ00501 | GCMS Change Owner | 6 | 04/22/2003 | Completed |
| 107637 | KGA0189 | GA018#9 PREP, REV,APP, QUAL,EQ SOP | 9 | 05/02/2003 | Completed |
| 49033 | KGA0244 | GA024#4 CONTRACTOR MANAGEMENT | 1 | 05/02/2003 | Completed |
| 108366 | KGA0782 | GA078#2 JOB AIDS PREP,REV,RVW,APPR,DIST | 2 | 05/02/2003 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 101658 | KGA0932 | GA093#2 CH CTL EQUIP,SYS,COMP SYS,FACILI | 2 | 05/02/2003 | Completed |
| 114181 | KGA0156 | GA015#6 DEVIATIONS IN FAC. MAN AREA | 6 | 05/06/2003 | Completed |
| 44520 | DC03110 | Team Insights | 1 | 05/07/2003 | Completed |
| 114134 | KGA0494 | GA049#4 NOTIFICATIONS OF INCIDENTS GMP | 4 | 05/08/2003 | Completed |
| 105853 | VLC4783 | Operation Screen Door:Telephone Security | 1 | 05/14/2003 | Completed |
| 112304 | HS40002 | Allergy Prevention for Mainten Personnel | 1 | 05/15/2003 | Completed |
| 115245 | KGA0315 | GA031#5 RET. OF REC. FOR GMP PROC ENG,MA | 5 | 05/20/2003 | Completed |
| 109689 | P023129 | CORP 023129 - Approved Exclusions... | 3 | 06/02/2003 | Completed |
| 41484 | CL24404 | WRITING PROCEDURES | 2 | 06/11/2003 | Completed |
| 117854 | KGA1501 | GA150#1 PM PROCEDURE DEV,REVIEW,APPR,DEC | 1 | 07/22/2003 | Completed |
| 122206 | RED BOOK | The Red Book: Code of Business Conduct | 1 | 09/22/2003 | Completed |
| 125576 | KGA1062 | GA106#2 USE, MAINT. GPEM LIBRARY | 2 | 10/01/2003 | Completed |
| 124322 | KQC0021 | QC002#1 GMS DEVIATIONS | 1 | 10/02/2003 | Completed |
| 121480 | KOP0011 | OP001#1 OPTG. PROC. FOR PROC COORDINATIO | 1 | 10/28/2003 | Completed |
| 52941 | PESY101 | MAXIMO LEVEL 1 | 1 | 10/31/2003 | Completed |
| 23961 | HS17050 | FIRESCHOOL CBT | 1 | 11/18/2003 | Completed |
| 127682 | KQC0011 | QC001#1 CHANGE CONTROL | 1 | 01/12/2004 | Completed |
| 111701 | HS02093 | ELECTRICAL SAFETY AWARENESS | 2 | 01/27/2004 | Completed |
| 122853 | HS14031 | Hazard Communication | 2 | 02/09/2004 | Completed |
| 22935 | DC05023 | Empowering a Diverse Workforc | 1 | 02/20/2004 | Completed |
| 138603 | KQM0011 | QM001#1 GPEM Intro to the Quality Manual | 1 | 03/04/2004 | Completed |
| 138605 | KQMM01 | GPEM Quality Manual Overview | 1 | 03/04/2004 | Completed |
| 125648 | PESA047 | PESA047 GENERAL SAFETY TRAINING | 1 | 03/05/2004 | Completed |
| 122857 | HS18023 | Concepts of Personal Protective Equip | 2 | 04/12/2004 | Completed |
| 121164 | MAXIMO U RPT | MAXIMO BO Interface User Training | 1 | 04/27/2004 | Completed |
| 127444 | MF16551 | 2004 GMP Update | 8 | 05/13/2004 | Completed |
| 142261 | KOP0012 | OP001#2 OPTG. PROC. FOR PROC COORDINATIO | 2 | 05/19/2004 | Completed |
| 105091 | VLC5976 | Principles of Marketing: Fundamentals | 1 | 05/25/2004 | Completed |
| 138994 | BASICGEL | Basic GEL (Documentum) | 1 | 06/03/2004 | Completed |
| 138948 | INTERMGEL | Intermediate GEL (Documentum) | 1 | 06/04/2004 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 137276 | KGA1511 | GA151#1 Proc. Folder Management | 1 | 06/04/2004 | Completed |
| 143093 | Brand Game | Lilly Brand Game, The | 1 | 07/06/2004 | Completed |
| 142259 | KGA018B | GA018#11 PREP, REV,APP, QUAL,EQ SOP | 11 | 08/25/2004 | Completed |
| 143199 | KGA1063 | GA106#3 USE, MAINT. GPEM LIBRARY | 3 | 08/25/2004 | Completed |
| 143070 | VLC7564 | Protect Lilly: It's Your Business | 1 | 09/01/2004 | Completed |
| 128214 | MF16550 | Introduction To FDA Inspections | 6 | 09/03/2004 | Completed |
| 47141 | EN13150 | Root Cause Analysis | 1 | 09/12/2004 | Completed |
| 115714 | VLC6684 | Company Records Retention Schedule | 1 | 09/28/2004 | Completed |
| 145363 | KGA1093 | Training Administration Program | 3 | 10/22/2004 | Completed |
| 111493 | HS20003 | BACK SAFETY | 2 | 10/28/2004 | Completed |
| 141302 | KGA1502 | GA150#2 PM PROCEDURE DEV,REVIEW,APPR,DEC | 2 | 11/29/2004 | Completed |
| 156152 | KQC0022 | DEVIATIONS | 2 | 12/03/2004 | Completed |
| 22940 | VLCDCN1497 | ErgoSmart | | 12/03/2004 | Completed |
| 166363 | KGA018C | Dev., Review, approval, & Decom. of SOPs | 12 | 01/17/2005 | Completed |
| 161220 | KQC0012 | QC001#2 CHANGE CONTROL | 2 | 02/07/2005 | Completed |
| 168256 | KGA1082 | GA108#2 COMPUTERIZED MAINT. | 2 | 02/16/2005 | Completed |
| 23961 | HS17050 | FIRESCHOOL CBT | 1 | 03/21/2005 | Completed |
| 110952 | VLC5984 | Effective Meeting Communications | 1 | 03/21/2005 | Completed |
| 105081 | VLC5978 | Interpersonal Comm: Listening Skills | 1 | 04/06/2005 | Completed |
| 23962 | HS17055 | SIMULATOR FIRE EXTINGUISH USE | 1 | 05/11/2005 | Completed |
| 177431 | KOP0014 | SOP for Procedure Coordinators | 4 | 05/13/2005 | Completed |
| 176878 | KQC0091 | Good Documentation Practices | 1 | 05/23/2005 | Completed |
| 178872 | KQM0012 | Quality Manual Training | 2 | 06/09/2005 | Completed |
| 138207 | HS14033 | Office Safety | 1 | 07/05/2005 | Completed |
| 177302 | KQC0023 | DEVIATIONS | 3 | 07/05/2005 | Completed |
| 181613 | KGA1512 | CMMS Document Folders Management | 2 | 08/03/2005 | Completed |
| 184762 | RED BOOK-US | The Red Book - US Only | 2 | 09/09/2005 | Completed |
| 186879 | KGA1064 | GMP Library Use and Maintenance | 4 | 09/26/2005 | Completed |
| 133540 | HS14062 | BLOODBORNE PATHOGEN AWARE NO HANDLING | 1 | 11/01/2005 | Completed |
| 169336 | MF16551-009 | 2005 GMP Update | 9 | 11/07/2005 | Completed |
| 205362 | KQC0093 | Good Documentation Practices | 3 | 03/20/2006 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 206221 | KGA1083 | Maintaining Information in the CMMS | 3 | 04/13/2006 | Completed |
| 206979 | KQM0013 | GEM Quality Manual Training | 3 | 04/13/2006 | Completed |
| 206659 | KQC0013 | CHANGE CONTROL | 3 | 04/19/2006 | Completed |
| 112304 | HS40002 | Allergy Prevention for Mainten Personnel | 1 | 05/03/2006 | Completed |
| 207600 | KGA1503 | DEV,REV,APRV,DEC MAINT WORK INSTRUCTIONS | 3 | 05/03/2006 | Completed |
| 206659 | KQC0013 | CHANGE CONTROL | 3 | 05/03/2006 | Completed |
| 206715 | KQC0024 | Deviations | 4 | 05/03/2006 | Completed |
| 169769 | QQ00411 | QQ00411 GIMS Documenting Incidents | 6 | 05/26/2006 | Completed |
| 210331 | KGA018F | Develop Review Approve & Decomm of SOPs | 15 | 06/06/2006 | Completed |
| 210330 | KOP0016 | Operating Procedure for Procedure Coordi | 6 | 06/06/2006 | Completed |
| 213799 | KGA1065 | GMP Library Use and Maintenance | 5 | 08/02/2006 | Completed |
| 207981 | Protect LLY | Protect Lilly: It's Your Business | 2 | 09/27/2006 | Completed |
| 208446 | PESA048 | Behavior-Based Safety - Employees | 1 | 10/11/2006 | Completed |
| 204833 | LLI_40,000 | 40,000 Stories. One Lilly | 1 | 10/13/2006 | Completed |
| 209602 | MF16551-010 | 2006 Quality Update | 10 | 10/30/2006 | Completed |
| 232461 | RED BOOK-USD | DELTA TRAINING: The Red Book - US Only | 2.5 | 11/14/2006 | Completed |
| 235351 | IT08G50678 | Regulus Reviewers and Approvers | 1 | 01/04/2007 | Completed |
| 201160 | CAPA101 | Introduction to the Lilly CAPA System | 1 | 03/16/2007 | Completed |
| 208819 | CAPA201 | Intro to TrackWise (Lilly CAPA System) | 01 | 03/16/2007 | Completed |
| 201161 | CAPA102 | Event Management in the Lilly CAPA Sys. | 1 | 03/19/2007 | Completed |
| 208822 | CAPA203 | Event Originator Activities in TrackWise | 01 | 03/23/2007 | Completed |
| 208869 | CAPA204 | Lead Investigator Activities inTrackWise | 01 | 03/23/2007 | Completed |
| 213811 | IT04G10381 | Global Records Management Overview | 1 | 03/29/2007 | Completed |
| 201162 | CAPA103 | Being an Executor in the Lilly CAPA Sys | 1 | 04/11/2007 | Completed |
| 201163 | CAPA104 | Being an Event Originator in CAPA | 1 | 04/16/2007 | Completed |
| 249705 | KQC0025 | Deviations | 5 | 04/16/2007 | Completed |
| 201164 | CAPA105 | Being a Lead Investigator in CAPA | 1 | 04/23/2007 | Completed |
| 125648 | PESA047 | PESA047 GENERAL SAFETY TRAINING | 1 | 05/01/2007 | Completed |
| 101369 | VLCLAW4887 | Employee Conduct in the Workplace | 2 | 05/01/2007 | Completed |
| 194878 | GPT | Global Privacy Training | 1 | 05/02/2007 | Completed |
| 239517 | KQC0094 | Good Documentation Practices | 4 | 05/02/2007 | Completed |
| 246583 | KQM0015 | GEM Quality Manual Overview | 5 | 05/02/2007 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 125648 | PESA047 | PESA047 GENERAL SAFETY TRAINING | 1 | 05/03/2007 | Completed |
| 240880 | IT08G50727 | Regulus Document Controller Training | 1 | 05/09/2007 | Completed |
| 238578 | KQC0014 | Change Control | 4 | 06/12/2007 | Completed |
| 208821 | CAPA202 | Executor Activities in TrackWise | 01 | 06/19/2007 | Completed |
| 260242 | KGDM1001 | Document Lifecycle Management & Regulus | 1 | 09/19/2007 | Completed |
| 264954 | RED BOOK-US | The Red Book - US Only | 4 | 09/19/2007 | Completed |
| 50258 | LRTD335 | Influencing and Negotiating | 1 | 09/20/2007 | Completed |
| 259073 | KQC0095 | GMP Documentation and Data | 5 | 09/21/2007 | Completed |
| 258297 | KGA2232 | HSE Event & Safety Observation Reporting | 2 | 10/01/2007 | Completed |
| 170884 | MF30545 | Intro to Lilly Global Quality Systems | 1 | 10/01/2007 | Completed |
| 203064 | MF30550-002 | Quality System Overview | 2 | 10/01/2007 | Completed |
| 266972 | ENQUALUPDATE | LL-Eng. 2007 Quality Update-11 | 11 | 10/08/2007 | Completed |
| 257323 | KQC0015 | Change Control | 5 | 10/12/2007 | Completed |
| 267217 | NTPESA055 | SS-Indpls Facilities mngmt HSE Policy | 1 | 10/19/2007 | Completed |
| 267311 | KGA2233 | SS-HSE Event& Sfty Observation Reporting | 3 | 01/02/2008 | Completed |
| 201354 | HS20102 | Workstation Safety Plus | 1 | 01/03/2008 | Completed |
| 268922 | KGS1181 | SS-Managing Health & Safety Events | 1 | 01/03/2008 | Completed |
| 276005 | KQM0017 | CBT-Quality Manual | 7 | 01/07/2008 | Completed |
| 272143 | BCP-DMS-0011 | SS-Doc Lifecycle Mgmt-If Elec Sys Failur | 1 | 05/06/2008 | Completed |
| 287217 | KQC0015Delta | DELTA - Change Control | 5.5 | 05/06/2008 | Completed |
| 287215 | KQC0026Delta | DELTA - Deviations | 6.5 | 05/06/2008 | Completed |
| 280737 | EN05135 | SS-Maint. of ITP, Resumes & Job Descrip. | 1 | 05/09/2008 | Completed |
| 287883 | KGDM1003 | Doc Lifecycle Mgmt & Oper Regulus | 3 | 05/21/2008 | Completed |
| 287884 | KOP0034 | SS- Accepting/Rejecting a Doc. Request | 4 | 05/21/2008 | Completed |
| 273014 | KQC0104 | SS- GMP Self Assessment Program | 4 | 06/12/2008 | Completed |
| 289910 | KGA2235 | SS-HSE Event& Sfty Observation Reporting | 5 | 07/02/2008 | Completed |
| 290526 | KGTD0013 | SS-Personnel Qualification Program | 3 | 07/02/2008 | Completed |
| 279719 | KGV0583 | SS-Standard Guidelines for Env Incidents | 3 | 07/02/2008 | Completed |
| 285129 | KOP004 | SS-Identifying Reviewers | 4 | 07/02/2008 | Completed |
| 138207 | HS14033 | Office Safety | 1 | 08/13/2008 | Completed |
| 291225 | KOP001A | SS-Oper. Proc. for Procedure Coordinator | 10 | 08/13/2008 | Completed |
| 290765 | KGA1066 | GMP Library Use and Maintenance | 6 | 09/03/2008 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 267217 | NTPESA055 | SS-Indpls Facilities mngmt HSE Policy | 1 | 09/03/2008 | Completed |
| 301021 | CMFTQUP2008 | LL-CMFT Quality Update 2008 | 12 | 10/03/2008 | Completed |
| 317996 | CMPLUS000125 | CIA: A New Way Forward | 1 | 07/19/2010 | Completed |
| 335758 | RED BOOK | The Red Book | 6 | 07/19/2010 | Completed |
| 330739 | CMPLGBL00108 | Compliance global policy | 3 | 07/21/2010 | Completed |
| 332650 | CMPLGBL00129 | Use of Electronic Resources (UER) policy | 3 | 07/21/2010 | Completed |
| 321430 | CMPLUS000100 | Adverse Events/Product Complaints US CPP | 3 | 07/21/2010 | Completed |
| 382018 | CMPLUS000100 | Adverse Event and Product Complaints | 2.0 | 07/21/2010 | Substituted |
| 321535 | CMPLUS000107 | Interactions with Consumers | 3 | 07/21/2010 | Completed |
| 297480 | CAPA131 | Review Management in the CAPA System | 1 | 07/22/2010 | Completed |
| 329085 | KQC0028 | SS-Deviations | 08 | 07/22/2010 | Completed |
| 309478 | IT04G2220223 | Documentum D6 Webtop Training | 1 | 07/23/2010 | Completed |
| 342980 | NTPESA055 | SS - IFM HSE Policy and Beliefs Training | 02 | 07/23/2010 | Completed |
| 335171 | CAPA190 | Audit Mgmt in the Lilly CAPA System | 1 | 07/26/2010 | Completed |
| 349097 | KBCPDMS0013 | SS-Doc Lifecycle Mgmt-If Elec Sys Failur | 03 | 07/26/2010 | Completed |
| 354090 | KGDM1008 | SS-Doc Lifecycle Mgmt & Oper Regulus | 08 | 07/26/2010 | Completed |
| 344866 | HSINJPREV | Injury Prevention Corporate Initiative | 00 | 07/27/2010 | Completed |
| 359700 | KEVENT60022 | SS-IFM Managing HSE Events | 2 | 07/30/2010 | Completed |
| 356236 | KGV0584 | SS-Standard Guidelines for Env Incidents | 04 | 07/30/2010 | Completed |
| 323665 | IT08G2220067 | QUALITY CENTER 9.2 ENTERPRISE | 0 | 08/24/2010 | Completed |
| 252796 | HS02080 | Slips, Trips & Falls, Taking The R Steps | 1 | 09/28/2010 | Completed |
| 364842 | KINTS10051 | SS-Traffic Safety | 0100 | 09/28/2010 | Completed |
| 355710 | PEEV001-000 | SS-Office Worker Environmental Awareness | 00 | 10/11/2010 | Completed |
| 367182 | RED BOOK | The Red Book | 7 | 10/11/2010 | Completed |
| 360174 | PESA062 | SS-Hazard Recognition and Control | 0 | 10/27/2010 | Completed |
| 355253 | MF16551-014 | 2010 Quality Update | 14 | 11/04/2010 | Completed |
| 294213 | PEERTEPR3004 | CBT-Emergency Preparedness & Response | 1 | 12/03/2010 | Completed |
| 201354 | HS20102 | Workstation Safety Plus | 1 | 01/11/2011 | Completed |
| 263797 | IT04G10930 | Introduction to LillyNet | 2 | 01/12/2011 | Completed |
| 289489 | BS18378_SS | Introduction to BusinessObjects Webl for | 2 | 01/31/2011 | Completed |
| 359928 | IT0422200021 | InfoPath 2007 Level 1: Form Design | 2 | 02/15/2011 | Completed |
| 336537 | IT0422200021 | Sharepoint Designer I - Fundamentals | 1 | 03/15/2011 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 364908 | HS20123 | CBT-Preventing Slips, Trips and Falls | 001 | 03/18/2011 | Completed |
| 387197 | KGDM100A | SS-Doc Lifecycle Mgmt & Oper Regulus | 10 | 07/13/2011 | Completed |
| 342980 | NTPESA055 | SS - IFM HSE Policy and Beliefs Training | 02 | 08/29/2011 | Completed |
| 387473 | PESA061-001 | SS- Industrial Ergonomics | 001 | 08/29/2011 | Completed |
| 387198 | KGDM1014 | SS-Ops Manual for GPME Doc Srvs-Proc | 04 | 10/12/2011 | Completed |
| 390713 | PESA072-000 | (SS) IFM Managing HSE Events Training | 01 | 10/12/2011 | Completed |
| 394081 | RED BOOK | The Red Book | 8 | 10/12/2011 | Completed |
| 397829 | KINTS10053 | SS-Traffic Safety | 03 | 10/21/2011 | Completed |
| 392526 | MF16551-015 | 2011 Quality Update | 15 | 10/31/2011 | Completed |
| 394887 | KINMVS40053 | SS-IFM Motor Vehicle Safety Procedure | 03 | 11/03/2011 | Completed |
| 382166 | KQM001B | CBT-Quality Manual | 11 | 11/03/2011 | Completed |
| 332600 | MF30762-001 | CBT Navigation/Basic Functionality R3 | 1 | 12/02/2011 | Completed |
| 333681 | PG02301 | US Travel Policy and Procedure | 3 | 12/05/2011 | Completed |
| 358780 | MF30750-002 | GMARS Overview R3 | 2 | 12/07/2011 | Completed |
| 394056 | GPMEGMARS207 | SS-GMARS Security Access Request | 00 | 01/31/2012 | Completed |
| 394058 | GPMEGMARS208 | SS- GMARS R3 Security Admin | 00 | 01/31/2012 | Completed |
| 394059 | GPMEGMARS210 | SS- GMARS View Sec and WF Groups | 00 | 01/31/2012 | Completed |
| 396138 | KCMMSADMIN6 | SS-CMMS Account Request Process | 06 | 01/31/2012 | Completed |
| 394065 | GPMEGMARScol | CPE Collab Site and Portal Guidelines | 00 | 02/21/2012 | Completed |
| 403079 | KBCPDMS0015 | SS-Doc Lifecycle Mgmt-If Elec Sys Failur | 05 | 02/21/2012 | Completed |
| 404374 | KQM001C | CBT-Quality Manual | 12 | 02/21/2012 | Completed |
| 406941 | KGDM100 | SS-Doc Lifecycle Mgmt & Oper Regulus | 11 | 04/25/2012 | Completed |
| 395061 | CMPLUS000144 | CIA Relevant Covered Persons | 2 | 06/07/2012 | Completed |
| 378536 | NT-ECIA LUS | ECIA Lilly USA, LLC | 2 | 06/08/2012 | Completed |
| 356350 | USS SLLDPR9 | US SLLD Testing Policy | 3 | 06/08/2012 | Completed |
| 322322 | USC-INTRO | Intro to Ethics and Compliance 101 | 2 | 06/11/2012 | Completed |
| 360167 | USS DEA1 | DEA Foundational Knowledge | 1 | 06/13/2012 | Completed |
| 369444 | CMPLUS000125 | CIA: A New Way Forward | 2 | 06/14/2012 | Completed |
| 401699 | GCS-1001 | Global AE and PC Reporting | 5 | 06/15/2012 | Completed |
| 237536 | USS CO A-901 | Sample Compliance & Acct: Plain & Simple | 1 | 06/15/2012 | Completed |
| 237537 | USS CO T-910 | Sample Compliance & Acct: Fund App | 1 | 06/15/2012 | Completed |
| 241898 | USS CO A-903 | Refrigerated Sample Training | 1 | 06/16/2012 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 350275 | USS PAYCBT4 | The Payer Environment: Private & Public | 1 | 06/16/2012 | Completed |
| 113768 | VLC6566 | Endocrine System Overview | 1 | 06/18/2012 | Completed |
| 308204 | PG02300 | EERS Submitter | 1 | 06/20/2012 | Completed |
| 282027 | USS DI M-001 | ID Diabetes Disease State | 1 | 06/20/2012 | Completed |
| 399767 | CMPLUS000137 | State Ethics, Mrktg & Rptg Compliance | 6 | 06/21/2012 | Completed |
| 282028 | USS DI M-002 | ID Diabetes Market | 1 | 06/25/2012 | Completed |
| 282029 | USS DI M-003 | ID Humalog Family | 1 | 06/30/2012 | Completed |
| 347932 | USS PI MOD | How to use Prescribing Information | 1 | 06/30/2012 | Completed |
| 298806 | USS WS E-155 | Interactive Visual Aid (IVA) + Outtakes | 1 | 06/30/2012 | Completed |
| 335375 | USS WS A003 | Pre Meeting VBS Model Resource Diab | 1 | 07/02/2012 | Completed |
| 386714 | USS | ID Tradjenta Product | 1 | 07/03/2012 | Completed |
| 406812 | USS JEN1 | ID Jentadueto | 1 | 07/05/2012 | Completed |
| 410599 | USS VIAL | Veeva-VInsights and Account Lists | 1 | 07/05/2012 | Completed |
| 410600 | USS VIHCPVM | Veeva-Interactions with HCPs in VMobile | 1 | 07/05/2012 | Completed |
| 410597 | USS VIntro | Introduction to Veeva | 1 | 07/05/2012 | Completed |
| 382025 | CMPLGBL00113 | External Communications | 3.1 | 07/06/2012 | Completed |
| 407208 | CMPLUS000101 | Advisors and Consultants | 2.1 | 07/06/2012 | Completed |
| 407209 | CMPLUS000102 | Business Meals with External Parties | 2.1 | 07/06/2012 | Completed |
| 421984 | CMPLUS000102 | Business Meals | 3 | 07/06/2012 | Substituted |
| 382021 | CMPLUS000103 | Diamond Reprints | 1.2 | 07/06/2012 | Completed |
| 390435 | CMPLUS000105 | Exhibits | 2 | 07/06/2012 | Completed |
| 321536 | CMPLUS000106 | Interactions Field Medical & Non-Medical | 3 | 07/06/2012 | Completed |
| 407212 | CMPLUS000108 | Items Given to External Parties | 3 | 07/06/2012 | Completed |
| 407213 | CMPLUS000110 | Market Research | 1.2 | 07/06/2012 | Completed |
| 321541 | CMPLUS000111 | Patient Assistance Programs | 3 | 07/06/2012 | Completed |
| 457789 | CMPLUS000111 | Patient Assistance Programs | 2 | 07/06/2012 | Substituted |
| 382105 | CMPLUS000112 | Promotional Materials | 2.1 | 07/06/2012 | Completed |
| 407214 | CMPLUS000113 | Speaker Programs and Training | 4.2 | 07/06/2012 | Completed |
| 321582 | CMPLUS000114 | Unsolicited Requests for Off-label Info | 3 | 07/06/2012 | Completed |
| 321435 | CMPLUS000115 | Compensation and Incentives | 1 | 07/06/2012 | Completed |
| 359541 | CMPLUS000116 | Documenting a Sales Call | 2 | 07/06/2012 | Completed |
| 382024 | CMPLUS000117 | Experience-Based Learning | 1.2 | 07/06/2012 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 321537 | CMPLUS000118 | Internal Communications | 1 | 07/06/2012 | Completed |
| 334296 | CMPLUS000119 | Patient Privacy | 2 | 07/06/2012 | Completed |
| 382104 | CMPLUS000120 | Pharmacy Vouchers | 2.1 | 07/06/2012 | Completed |
| 334298 | CMPLUS000121 | Pres by External Party at Lilly Meeting | 2 | 07/06/2012 | Completed |
| 334299 | CMPLUS000122 | Prior Authorization and Formulary Status | 2 | 07/06/2012 | Completed |
| 390440 | CMPLUS000123 | Promotional Product Samples | 2 | 07/06/2012 | Completed |
| 334451 | CMPLUS000124 | Written Comm. with External Parties | 2 | 07/06/2012 | Completed |
| 382108 | CMPLUS000133 | Sales Call and Sample Distribution Plans | 1.1 | 07/06/2012 | Completed |
| 267642 | GSSRWTSAL1 | Welcome to Sales at Lilly- Part 1 | 1 | 07/06/2012 | Completed |
| 379133 | LODOverview | Lilly ON-DEMAND Overview | 1 | 07/06/2012 | Completed |
| 407210 | USGRANTSPOL | Healthcare-Related Grants/Contributions | 3 | 07/06/2012 | Completed |
| 410851 | USS VGIVM | Veeva-Group Interactions in VMobile | 1 | 07/06/2012 | Completed |
| 410852 | USS VMSVM | Veeva-My Schedule in VMobile | 1 | 07/06/2012 | Completed |
| 410855 | USS VSIA | Veeva-Sample Inventory and Adjustments | 1 | 07/06/2012 | Completed |
| 410598 | USS VSM | Veeva-Speaker Meetings | 1 | 07/06/2012 | Completed |
| 410853 | USS VSOS | Veeva-Sample Orders and Shipments | 1 | 07/06/2012 | Completed |
| 410854 | USS VSTR | Veeva-Sample Transfers and Returns | 1 | 07/06/2012 | Completed |
| 409828 | CIQ_400_001 | CIQ Overview for US Sales | 00 | 07/07/2012 | Completed |
| 386097 | LODBP | Lilly ON-DEMAND Best Practices | 1 | 07/07/2012 | Completed |
| 351141 | USS CDM | Customer Data Maintenance Training | 1 | 07/07/2012 | Completed |
| 285150 | USS CO A-440 | PDRP (AMA Opt-Out) | 1 | 07/07/2012 | Completed |
| 252696 | USS DUE 2011 | How to Read a Clinical Study | 1 | 07/07/2012 | Completed |
| 375515 | USS PPRI | Physician Payment Reporting | 1 | 07/07/2012 | Completed |
| 356551 | USS SLLDPR10 | US SLLD Conduct in Sales Learning | 2 | 07/07/2012 | Completed |
| 329744 | HS20107 | CBT- Introduction to hseDIRECTIONS | 00 | 07/25/2012 | Completed |
| 392970 | LODAPP | Lilly ON-DEMAND Application | 1 | 07/25/2012 | Completed |
| 403222 | USSIDDC2012 | Diabetes Primary Care ID School 2012 | 1 | 07/25/2012 | Completed |
| 342626 | HS20110 | CBT-Ergo for the Affiliate Field Force | 00 | 08/28/2012 | Completed |
| 407368 | USS BILACD | BI/Lilly Alliance Compliance Document | 1 | 08/28/2012 | Completed |
| 419470 | CIQ_400_004 | Sample Mgmt Accountability Refresher | 01 | 08/29/2012 | Completed |
| 418642 | CIQ_400_006 | Applying CIQ-Sales Tool/Select Content | 03 | 08/30/2012 | Completed |
| 329739 | HS20106 | CBT- Secure DIRECTIONS | 00 | 08/30/2012 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 419263 | USS DIABDES1 | Master Active List Clean Up: HI, HG, LD | 1 | 08/30/2012 | Completed |
| 420033 | USS TRADES2 | Tradjenta Destruction Notice 8/31/12 | 1 | 08/30/2012 | Completed |
| 423650 | USS TRADES3 | Tradjenta Destruction Notice 10/26/12 | 1 | 10/27/2012 | Completed |
| 418606 | RED BOOK | The Red Book | 9 | 10/29/2012 | Completed |
| 424525 | CIQ_400_018 | Q4 Changes to CIQ Procedures | 01 | 11/09/2012 | Completed |
| 418605 | CMPLUS000144 | CIA Relevant Covered Persons | 3 | 11/09/2012 | Completed |
| 419234 | USS VMIR | Veeva - Medical Information Requests | 1 | 11/14/2012 | Completed |
| 426357 | USS TRHUD1 | December Tradjenta/Humalog Dest Notice | 1 | 12/10/2012 | Completed |
| 408004 | GIC P2PBMP | Peer to Peer and Business Meal Programs | 1 | 01/21/2013 | Completed |
| 431607 | USS HUMDES15 | Humalog Destruction ofMaterials Feb 2013 | 1 | 01/29/2013 | Completed |
| 431609 | USS REFSAM1 | Refrigerated Samples/Sample Cooler Compl | 1 | 01/29/2013 | Completed |
| 430490 | USS USL | Uniform Status Language | 1 | 02/19/2013 | Completed |
| 419194 | USS TEHC | The Evolution of Healthcare | 1 | 03/01/2013 | Completed |
| 419193 | USS YIYF | Your Industry, Your Future | 1 | 03/01/2013 | Completed |
| 434740 | CIQ_400_020 | Q1 Changes to CIQ Procedures | 00 | 03/08/2013 | Completed |
| 419284 | USS JEPE | Journey to ePrescribing Excellence | 1 | 03/08/2013 | Completed |
| 426690 | USS3MDIABVIR | US Sales 3 Month Diab Remote Training | 1 | 03/19/2013 | Completed |
| 438431 | USS HUMD5 | Humalog Destruction of Materials 4/12/13 | 1 | 04/11/2013 | Completed |
| 437249 | USS VIREP | Veeva-iRep Guides and Documentation | 1 | 04/25/2013 | Completed |
| 285150 | USS CO A-440 | PDRP (AMA Opt-Out) | 1 | 05/21/2013 | Completed |
| 441717 | USS RAV | Refrigerator Alarm Verification | 1 | 05/21/2013 | Completed |
| 442836 | USS HUMD6 | Diabetes/Humatrope Destr Notice Jun2013 | 1 | 06/24/2013 | Completed |
| 436777 | USS CYMSAM2 | Cymbalta Voucher-Pt Ed-Sample Cert | 1 | 06/27/2013 | Completed |
| 436778 | USS ESG2 | Evista Voucher-Sample Cert | 1 | 06/27/2013 | Completed |
| 443803 | CIQ_400_021 | Changes to CIQ Procedures August 2013 | 01 | 07/22/2013 | Completed |
| 443807 | CIQ_400_023 | Changes to CIQ Sample Management Proced | 02 | 07/22/2013 | Completed |
| 436787 | USS CIALSC2 | Cialis Voucher-Sample Cert | 1 | 07/22/2013 | Completed |
| 445370 | USS CIQCFRC | Kenmore 253.61522 Set Up Confirmation | 1 | 07/22/2013 | Completed |
| 446542 | USS HUMD7 | Humalog Dest of Materials July 2013 | 1 | 07/22/2013 | Completed |
| 445369 | USS CIQCU | Kenmore 253.61522 Requirements | 1 | 08/14/2013 | Completed |
| 449072 | USS DBUDM813 | DBU Destruction of Materials Aug 2013 | 1 | 08/31/2013 | Completed |
| 449332 | USS PSS | eAck Prod Sample Storage | 1 | 08/31/2013 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

# Student Training History

For History Between 01/01/1900 and 04/22/2014

| Personnel Number | Full Name | Division | Organizational Unit |
|---|---|---|---|
| 607262 | Rodriguez, Ray | UNASSIGNED | Leaves and Exits Lilly USA, LLC |

| BET ID | Abbreviation | BET Title | Revision Number | Completion Date | Status |
|---|---|---|---|---|---|
| 430663 | USS LECHF 13 | Local Exhibits and Consumer Health Fairs | 1 | 09/11/2013 | Completed |
| 450480 | USS DBUDS13 | DBU Destruction of Materials Sept 2013 | 1 | 09/20/2013 | Completed |
| 419195 | USS MIQM | Market Influencers and Quality Measures | 1 | 10/02/2013 | Completed |

Confidential Property of Eli Lilly and Company. This query/report is under cGMP validation requirements.

This document contains personally-identifiable information. Whether it remains in your control or you share it with someone else, you are personally accountable for the appropriate use and handling of this document for Lilly business purposes. For more information, access the Lilly Virtual Privacy Office website.

Created by C007982. Last changed by U6X4896 on 11/20/2008.

**<u>Rodriguez v. Eli Lilly and Company, *et al.*</u>**

**<u>Declaration of Melissa A. Popa</u>**

**<u>Exhibit 3</u>**

Printed for Activity 423380

On: Apr 22, 2014 At: 9:19:08 AM By: Danyale Wilson

Lilly

## First Contact

| | | | |
|---|---|---|---|
| **Communication:** | Telephone Number | **Contact Date:** | Sep 4, 2013 |
| **Contact Person:** | Ms Julia Ramos | **Telephone:** | |
| **E-Mail:** | RAMOS_JULIA@LILLY.COM | | |

## Affected Employee

| | | | |
|---|---|---|---|
| **Global ID Number :** | 00607262 | | |
| **Name:** | Rodriguez, Ray Albert | | |
| **Employment Status:** | Withdrawn | | |
| **Hire Date:** | Dec 3, 2001 | **Leaving Date:** | Oct 17, 2013 |
| **Address 1:** | 384 N Post Oak LN | | |
| **Address 2:** | | | |
| **City:** | Houston | **State:** | TX |
| **Country:** | USA | **Postal Code:** | 77024 |
| **Telephone:** | 317-277-6077 | | |
| **E-Mail:** | RAY_RODRIGUEZ@LILLY.COM | | |
| **Employee group:** | Lilly Employees | **Employee Subgroup:** | Sales Associates |
| **Personnel Area:** | US:Lilly USA, LLC Pharma Fld | **Personnel Subarea:** | Pharma Fld |

## Activity

| | | | |
|---|---|---|---|
| **Description:** | Complaint from co-worked re: potential policy violations and call falsification | | |
| **Priority:** | Level 2 - Medium | **Status:** | Closed |
| **Due Date:** | 09/25/13 08:15:47 EST | **Category:** | Improper Conduct |
| **Owner Org. Unit:** | US HR Investigations | **Subcategory 1:** | Misconduct |
| **Owner:** | Melissa Popa | **Subcategory 2:** | Allegation |
| **Owner Org. Unit:** | US HR Investigations | **Subcategory 3:** | |
| **Processor:** | Melissa Popa | **Subcategory 4:** | |
| **Resolution:** | Termination | | |

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

Lilly

## Additional Activity Information

### General Activity Information

| | | | |
|---|---|---|---|
| **EthicsPoint Case No.:** | | **Master Case:** | No |
| **Incident Date:** | Aug 31, 2013 | **Country:** | USA |
| **Related to FHCP/FDA:** | NO | **Original Close Date:** | Oct 18, 2013 |
| **Incident Short Description:** | Allegation received from employee that co-worker employee violated policies and falsified sales calls. | | |
| **Product Family:** | Tradjenta | **Transfer of Value:** | Yes |
| **Additional Products:** | | | |
| **Privileged:** | No | **Privileged Date:** | |
| **Alleged Setting:** | Physician Office | **Allegation Investigated:** | |
| **Violation Determined Dt:** | Oct 15, 2013 | **Primary Outcome:** | Violation |
| **Preliminary Root Cause:** | | **Therapeutic:** | Diabetes |
| **Discipline Delivery Dt:** | Oct 17, 2013 | **Serious Compliance Viol:** | No |
| **Business Node:** | Diabetes | | |

### Corrective Activity Information

| | | | |
|---|---|---|---|
| **Action:** | | | |
| **Corrective Action Short Description:** | | | |
| **Action Initiation Date:** | | **Action Close Date:** | |
| **Status of Corr Action:** | | **Individual Implementing:** | |
| **Approval Bus Owner 1:** | | **Compliance:** | |
| **Approval Bus Owner 2:** | | | |
| **Prevent Reoccurrence:** | | | |

### Re-monitoring Activity Information

| | | | |
|---|---|---|---|
| **Re-Monitoring:** | | **Complete:** | N/A |
| **Status:** | | | |

### Reportable Event Activity Information

| | | | |
|---|---|---|---|
| **CRS Case ID:** | | **Reportable Event:** | |
| **Confirmed Date:** | | **Due Date to OIG:** | |
| **Event Status:** | | **Submission Date:** | |
| **Issue Type** | | | |
| **Non-Emp Name/Relation:** | | **Implicated Person Type:** | |

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

Lilly

## Participant Activity Information

### Participants

| Participant ID | Name | Relation | Role | Resolution |
|---|---|---|---|---|
| 00126245 | Mr Michael Postel | EEO | Consultation | Completed |
| 00000000 | Rene Childers | US Promotional Compliance | Consultation | New |

### Notes

Content

General Notes

Mrs Nancy Dillon - 09/04/13 08:16:50 EST - Juli Ramos, district manager, emailed me (Nancy Dillon) regarding Ray Rodriguez, employee, and continued concerns she has with his behaviors and potential compliance concerns. Juli and I had spoken last week about how to approach Ray with some concerns she had prior to her ride-along. Once she completed the ride-along and received the email (below) from Syreeta (Ray's partner), she sent an email to me (see below) outlining several additional concerns. She also forwarded an email to me that Ray sent to her following their ride-along to prove that he is working (see attachments). I consulted with Melanie Smith in Investigations regarding the case.

From: Julia Ramos
Sent: Tuesday, September 03, 2013 9:08 AM
To: Nancy J Dillon
Subject: FW: partner planning help

Hi Nancy –

We spoke last week regarding Ray Rodriguez and per the email below from his partner it appears that the situation is escalating. If you have some time to chat today I would like to seek advice for next steps. Thank you!

From: Syreeta Bernadette Barrett
Sent: Saturday, August 31, 2013 12:15 AM
To: Julia Ramos
Subject: partner planning help

Juli,

I wanted to see if you had any expectations/tips for a productive planning day with our partners. I apologize in advance for the length of the email. I feel as if my planning day with Ray was unsuccessful and time could be used more efficiently. I tried to approach the planning day by sharing excitement and positivity around all of the great tips from the workshops I attended and that I'm eager to share with the team next week. He was very disinterested and sarcastic in the response to the information, which made the conversation very awkward for the remainder of the afternoon. I was actually on the way out of the door when he walked in because he didn't give me a heads up that he was stuck in traffic for 30 minutes. When he arrived I politely asked what he wanted to accomplish from the planning day then expressed how I felt the time could be effectively used as well.

I included: Routing, reviewing the business plan to see where we were on achieving the goals set, going through customers, what's our game plan, managed care, how is the territory trending, identifying gainers/losers and more. Before we started he explained to me that Dr. Tran told him that I wasn't welcomed in his office anymore. I find this VERY hard to believe as I assisted Dr. Tran with texting Emily immediately with Dr. Tran's frustration of not having any 30 mg samples of Cymbalta for his patient that he was sending out the door. I literally said 3 sentences to Dr. Tran: " I see you are extremely busy and only Ray needs your signature today so I won't take up any additional time or space today. I would be more than happy to help you get Cymbalta samples although we do not promote it. Thank you for allowing me to come into your office and If it was ok, I would try to schedule a lunch with him to spend more time getting to understand his practice." He responded that if I could do that, It would be "great and thank you so much".. I find it EXTREMELY hard to believe in the time that I have been a pharma rep, I HAVE NEVER HAD A CUSTOMER COMPLAINT or kicked out of an office. I also find this very hard to believe from a rep that feels it's ok to "get kicked out of offices all the time" as he expressed to you on Thursday, 8/22/2013. I feel as if this is retaliation for the feedback I shared with you from the customers we discussed. I am extremely offended and quite suspicious that this is the first time ever that anything like this has happened. I feel very strongly about this situation and I am ready to discuss next steps about his actions. I will not work in an environment where there is malicious intent, dishonesty in actions and retaliation. If indeed Dr. Tran was offended by my pleasant demeanor, helpful nature in assisting him with his physically expressed frustration and consideration for his patients and his time by scheduling a better time to converse, I will definitely remove myself from this office. I have worked successfully with other partners and NEVER experienced such unprofessionalism.

The planning day consisted of Ray communicating via cell phone about/coordinating a program that I knew nothing about, explaining the need again of why he and Sherrell never had to do a routing and how successful he has been in the territory. He told me where to go for week one and we shared lunch dates. After the conclusion of the time spent, I have decided not to share lunches unless it is absolutely necessary from a budget or limited access standpoint. I agreed and explained that I never said he wasn't successful. I asked him to review the business plan and he asked why. I attempted to look at the territory trends with him and he continued to go through customers that he explained "HE WAS BLOWING OUT OF THE WATER" which in fact when we looked at the

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



## Notes

data correctly, were actually declining in NRx trends and SOM. I asked him what was our game plan on HCP's we were losing with and he told me that these "REPORTS ARE POINTLESS AND NOT ACCURATE" "I have an engineering background and can't use the reports and won't because they are not current and are 3 months behind."

I asked him about a couple of doctors and where he was in the progression of the dialogues and his response was to show me a notes application that he used to log his call notes. I explained that again the info that he included in the notes were non-compliant because the HCP's name, products discussed, resources left, disease state and more were included. Again, he blew off the importance of being compliant by saying, "You use a Microsoft log in and they (compliance) can't see the notes" I have learned to just agree with whatever he says simply to move on in the conversation to prevent the 20 minute conversation derailment about something irrelevant to the business. I showed him how I would look at the data after identifying the decline in SOM on Humalog for tier 2 and tier 3's and showed him how to calculate how many scripts it broke down to and what I would do to identify or try to discover where the change in prescribing could be. I showed him how I check managed care reports, NRx trends and how everyone has a different way of looking at the many reports. I also told him that I don't discredit his method of business planning. He basically stared at me and gave sarcastic feedback, informed me that diabetes is nothing like Neuroscience and it's two different worlds and that I have NO IDEA about Diabetes.Heagain reminded me of his success and guaranteed me that I was wrong about identifying gainers/losers. He continued to go on and on about how the reports "sucked" and I cut him off. He complained about me cutting me off and I did because the majority of the time spent this day was him being off task and distracted.

I NEED YOUR HELP. I do not want this to be a regular time consuming conversation that you and I have to keep rehashing and I have learned from past experiences that when you have an issue, it's better to address it early instead of allowing it to affect my own professional development. I feel like this is out of hand. I have reached out to Sherrell about best practices while partnering with him as you suggested. She responded by telling me that she and Sandi had to "manage him", she consistently had to correct his tone of voice/condescending nature and she and Sandi (when present) basically did the leg work. I am not (in any way) interested in managing any of my peers or doing most of the work. While being his partner, He has attempted to bully me into doing unethical/non compliant actions including falsifying calls, not to worry about the "temp tell" monitor because his "alarm has gone off probably 6 times or so and he doesn't pay it any attention ("don't get too wrapped up in worrying about that"), included dialogues that didn't happen with HCP's and told me that even if the Dr. consumes lunch, he doesn't make them sign the sign in sheet because he knows who ate and who didn't…"I don't make my doctors sign" (akinyeye lunch). He explained to me that "if you aren't doing something to get fired in this job daily… you aren't doing something right" I could go on and on but, I think we have discussed other examples.

I am not a complainer by nature, I am a problem/solution oriented individual. Please help me with the best approach to moving on and resolving these issues. I think it's a bit disappointing and thought provoking that after my Houston south peers/BI overlaps ask me in general conversation about my territory, "how's training" or "who is your partner again?", I respond with Ray Rodriguez and have not had ONE person say anything positive about him and most have responded with "I'm sorry" "wow.. I'm glad he's on your team now" "yeah… good luck with that" or "I don't know how you do it". I want to support him and I want us both to be successful. It kills me when I get that feedback because it makes me wonder why that's the general consensus of him. This feedback was not solicited by me and I want to clarify that I did NOT proactively bring up our partnership.

I know this email is lengthy and I apologize. But, I'm frustrated and I need help soon.

Thank you,

Syreeta

Mrs Nancy Dillon - 09/05/13 13:40:31 EST - I sent the following email to Juli last evening:
From: Nancy J Dillon
Sent: Wednesday, September 04, 2013 04:48 PM
To: Julia Ramos
Cc: Nancy J Dillon
Subject: RE: partner planning help

Juli – I promise I am not ignoring you. I just spoke again with the investigator who is waiting to hear back from compliance on a couple of items that were brought up in the email from Syreeta. I would like to chat with you tomorrow to discuss some of the performance aspects…I am available 7-9am and 11am-1pm. I go on phones at 1pm for the remainder of the day, but we could probably chat during that time as long as you know I have to catch my phone if it rings. Let me know what works for you and if tomorrow doesn't work, we can chat on Friday.

The main message to Syreeta at this point is to reassure her that we (LLY) take this very seriously and you are taking appropriate action to look into the allegations she has made. You will get back to her as soon as you hear more, but in the meantime, business as usual.

Thanks,
Nancy

I then spoke with Juli this morning. She has informed Syreeta that she is in touch with HR and we are looking into the allegations. Juli feels that Syreeta is piling on and now digging for additional details and Juli wants to redirect her to focus back on the work. Juli wants HR to help with this. Syreeta has said that Ray is sampling in places where he isn't supposed to sample.

HR - how long has Syreeta reported to you?
Juli: 60 days - July 1
HR: is Ray new to you also?
Juli - Yes

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



HR: Were they partners before?
Juli - no - she was biomeds rep before
Juli - Ray and Syreeta are bickering back and forth
HR: I asked Juli if she has spoken to both of them individually about appropriate behaviors and she confirmed she has done so. We discussed the possibility of getting both of them together with her and having a conversation about what is/is not acceptable behavior and her expectations.

Juli then told me that Syreeta is off work today, tomorrow and Monday.
HR: Was Syreeta originally scheduled to be off the next three days?
Juli: No
Juli: She texted me and said she wanted to be off today to deal with a family matter. She has a ride-along with me on Monday, and asked "can we reschedule?"
I think she has escalated this emotionally and can't deal with working right now. She is also escalating to other team members.
HR: That needs to stop - she needs to stop doing that right now and you need to tell her.
Juli: I asked her if she had talked to Ray's former partner to seek best practices.
Syreeta: Yes
Juli: That's when she said that Sherell had told her she had to "manage" Ray. And then yesterday I was with somebody else on my team, Clarissa Perkins, and she said that Syreeta had come to her and told her everything about the situation with Ray. I told Clarissa I hoped she had remained professional. She confirmed she did and stated she thinks Ray is crazy. I told her not to use that word because it can have many connotations.
Juli: I have been encouraging people to address issues with each other. I believe this is the right approach.

Juli: Is it a problem to have consulting pairs come in and work with Ray and Syreeta prior to the investigation?
HR: Let me inquire and get back to you on that.

HR: Do you think Ray is falsifying calls?
Juli: I believe he is doing it, but I believe he has been either coached or told it was okay and told "get it done - I don't care how you do it, but get it done."
When I looked at his information in Veeva, he meets 100% of his alliance calls and in the summer this is difficult.

I wrapped up with Julie by letting her know I would get an answer on whether or not she should have consulting pairs come in prior to investigation, and to see if HR can proactively have a discussion with Syreeta to ensure her we are looking into the situation. Juli is concerned that because Syreeta has just started reporting to her, she doesn't trust Juli enough yet. Juli wants to get Syreeta under control so she can focus back on work.

Mrs Nancy Dillon - 09/05/13 17:22:25 EST - I consulted with Melanie Smith and Kelsey Miller today on this case. They agreed this should be transferred to investigations. Transferring case.

Mrs Nancy Dillon - 09/09/13 08:36:19 EST - I, Nancy Dillon, informed Juli today that she should not use consulting pairs in this situation.

Mrs Melissa Popa - 09/18/13 15:33:20 EST - Reviewed email from Syreeta Barrett. Called and set up time to have a in depth disucssion re: her concerns on Monday Sept 24, 2013 at 3pm.

As a result of the review, here are some concerns I have highlighted:

Potential falification of a sales call (Dr. Killan on 8.20.13) - who allegedly was on vacation most of August and not in the office
A NS rep (Emily Shores) had a D/S call with Dr. Killan on 8.7.13.

Use of notes application to log call notes (Microsoft notes) that 'compliance can't see'
*HCP name
*Products mentioned
* Resources left
* Disease state

Not making the dr. sign (having an office member sign for him) for lunch attendance

Ignored his 'temp tell monitor' 6 times or so - doesn't pay attention to it

**************************************************************************************************************

Spoke with Juli Ramos today and discussed concerns. As a result of the conversation, she will:
Call Dr. Killan's office to confirm vacation - out of office - time
Forward me messages she has sent to her team re: some of the policies applicable to above concerns

Set up some time with her next week after I speak with Syreeta and US Compliance on next steps.

Juli believes that he is making calls and is working. No other data points to suggest falsification so no need to pull call reports at this time unless Syreeta has other specific examples.

Ray has called Juli (and call into ER and talked with Hongxia) says he feels like he is being "targeted" by Syreeta and that he feels like she is trying to "sabotage" him and that his 13 years career at Lilly in in "jepordy"

Stated that "he is not doing well" and will be going to his dr. today.

I will f/u with Syreeta and US Promotional conpliance before next week.

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



Mrs Melissa Popa - 09/23/13 12:50:49 EST - Spoke with Katie McDaniel re: this case. She referred me to Jamie Steinmetz to call about the CIQ Temp Tale monitor. I called Jamie and left her a message. She did confirm that after a Temp Tale monitor has gone off - it cannot be reset by the ee -- the samples must be returned and a new monitor is sent out to replace the one that went off. Said that Jamie should be able to check to see if this monitor has gone off.

Discussed the other allegations with Katie - she said it would be best if he would admit to having others sign for the dr. at lunch or if he would show us the notes system he is using to record his calls. Agreed that we would structure the questions in that manner.

Mrs Melissa Popa - 09/24/13 09:38:46 EST - 9.23.13

I spoke with Syreeta today to get specific details re: her concerns that she brought forward re: Ray Rodriguez.

1. Microsoft log where he has been recording notes on his sales calls. Syreeta will forward me several of the entries that he has been sending to her. She said that as long as he doesn't get caught, he thinks it is OK. She has told him several times to stop sending those to her and that is noncompliant.

2. Temp tale recorder/alarm -- you are supposed to hook it up by a USB cord to your computer and download the informaiton to sample accountability. If the alarm goes off you are supposed to hook it up and send the file in. Syreeta stated that he told her that he never connects it to the computer therefore they have no record of the alarms going off.
His fridge is in a storage unit (he took her there to ger resources). He said that he had a recent sample audit but they don't check the temp tale monitor.

3. Potential falsification of sales calls - Ray stated to her that he records calls on customers that he doesn't see face-to-face. He told her "if I leave my business card, it's a call". Example: Dr. Ronald Killam - they went into his office mid August and he was OOO - they saw his PA - Ray recorded it as a call - he told her to "just mark it as a call". She refused to do so and Ray was mad becuase he said their calls would match up. He has hit his aliance attainment goals 100% of the time. Syreeta was going to take a look back in her records to see if she could find any other examples to send to me when they didn't see the customer and he recorded it as a call.

4. Re lunches and not getting signatures from the ppl who eat lunch. Juli sent me 4 examples of mismatches on # of ppl listed on an expense report for lunch doesn't match # on the sign in sheet.
Syreeta stated that Ray told her 'it is not a big deal" and 'he is not going to bother the dr's" with tracking them down for a signature for lunch. Syreeta witnessed him asking a receptionist on an office to sign for all of the ppl who ate lunch that day. Syreeta said she was not comfortable with that and waited to see the dr. to obtain his signature. (Dr. Pineda).
She is going to provide me the date of the lunch with Dr. Akinyeye - stated that she was there but it was his lunch and he never got his signature on the sign in sheet.

5. She was with Ray on July 30 - he went into an offive and saw PA Jason Edginton - he stated "WE see the [Rx] numbers.... the numbers don't lie... why are you not writing Trajenta?" Syreeta said the PA started walking away during this dialouge and was very upset and angry. LAter that week, 2 of the BI overlaps brought it up to Syreeta saying that the PA mentioned it to them when they were in the office a few days later.

************************************************************************************************************************

From: Melissa Ann Popa
Sent: Monday, September 23, 2013 3:52 PM
To: Syreeta Bernadette Barrett
Subject: follow up

Syreeta –

Thank you for your time today..... As follow up, please send me the following:

Screen shots/emails from Ray re: the customer notes he records outside of Veeva
Any additional specific dates/customers where Ray recorded a call on a customer that you did not see with him (according to the definition of a sales call)
Date of Dr. Akinyeye lunch

Thank you for your help!

Melissa

Mrs Melissa Popa - 09/30/13 08:24:29 EST - From: Julia Ramos
Sent: Friday, September 27, 2013 4:27 PM
To: Melissa Ann Popa
Subject: RE: update

Hi Melissa – I am out travelling that following week so my schedule get dicey. Any chance we could push it up to Tuesday the 1st? I am riding with him that day.

Thanks!

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



From: Melissa Ann Popa
Sent: Friday, September 27, 2013 12:08 PM
To: Julia Ramos
Subject: update

Juli –

I rec'd the information from Syreeta.... The only 2 examples of the potential call falsification she provided were the 2 we already had (Killam)... we will still ask him about what he considers a call and we will inquire about the call on 8.20 when we know Dr. Killam was out of the office.

She also sent me examples of notes he sends her of his calls that are documented outside of Veeva.... I will send those to you to print out as you will need to have them to show him during our conversation.

Lastly, please pull the EERS data and sign in sheet for Dr. Akinyeye lunch 8/5/13 and send to me (and any other lunches in Aug/Sept where the EERS data and sign in sheets don't match). I know that you mentioned that you have not rec'd an expense report from him since July – hopefully that has been corrected. If not, ask him to forward you all of his expense reports since then.

I will pull the rest of this information together early next week and then we should be ready to go. I am on vacation Thurs/Fri so more than likely it will be Mon/Tues of the following week. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Employee Relations
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 09/30/13 08:48:33 EST - From: Melissa Ann Popa
Sent: Monday, September 30, 2013 8:39 AM
To: Julia Ramos
Subject: RE: Expense Summaries

Juli –

Thanks for the information – I will contact EERS to see if they can send me the details....will they also have copies of the sign in sheets?

Given the amount of data that I still need to gather, we will not be ready to talk with him tomorrow.... We will work thru the details and then schedule something when it is convenient for you. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Employee Relations
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

From: Julia Ramos
Sent: Friday, September 27, 2013 11:37 PM

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



To: Melissa Ann Popa
Subject: RR: Expense Summaries

Hi Melissa –

I am not going to be able to get receipts without raising suspicion as I was not his approver.  Here are the summaries.  Can EERS provide?

---

Mrs Melissa Popa  -  10/02/13 10:41:31 EST  -  From: Kathy Ann Clark
Sent: Wednesday, October 02, 2013 10:37 AM
To: Katherine Elizabeth McDaniel
Cc: Melissa Ann Popa
Subject: RE: OneNote call notes

Thanks for the questions.
It seems to me that these internal communications should be marked clearly as "for internal use only" ( or included in an introduction to sharing the information) and would be acceptable to share from one sales representative to another partner sales representative as an internal communication.
I do not know that they have been instructed to be able to keep in one note, or to share any or this type of communication in a written format.
There is no FDA US regulatory concern for internal communications, but we need to be sure the sales force communicating  with the HCP on "on label" information only & any notes about the visit should also reflect all on label discussions or direction given if an off label question was asked.
 I am not clear if the following statements are on or off label as there is missing information
1. Dr. Berberian: "Suggest progression on Tradjenta and Jentadueto especially Pam".  This may be a concern as this may indicate a discussion of treatment strategy which is not on label discussion.
2. Jacinto Group: "Spoke with Dr. Dennis about his treatment algorithm" This may be a concern as this may indicate a discussion of treatment strategy which is not on label discussion.
3. Jacinto Group : "She has older patients who she listens to say some very unlikely things about their treatment and insulin." This may be a concern as this may indicate a discussion of side effects which I can't verify or confirm if it was reported.

I do not feel like US Ad/ Promo should review internal sales force notes, but rather compliance & sales training should determine if they should review the other notes or notes like this &  decide if this practice of taking and sharing notes like this is acceptable & decide if reviewing these notes is an activity which should be done more broadly.
Kind Regards,
Kathy

Kathy A. Clark, RN
Advisor, Global Regulatory Affairs-US Advertising/Promotion
Eli Lilly and Company
Office: 317.433.9801
Mobile: 317. 432.6184
Email: clarkka@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.
From: Katherine Elizabeth McDaniel
Sent: Wednesday, October 02, 2013 10:13 AM
To: Kathy Ann Clark
Cc: Melissa Ann Popa
Subject: FW: OneNote call notes

Kathy-

I'm working with Melissa Popa on an investigation, and she just sent me some notes that a representative has taken after his calls with HCPs. The representative has been putting these in OneNote and then sending them to his partner. Attached are four examples, but Melissa said she could request the rest of them if you are concerned.
Do you mind looking through these from a Regulatory perspective to let me know if any of the statements are of concern?  If so, can you point those out to me?  Also- if you believe we should request the rest of the notes, I can loop back with Melissa to do that.
I appreciate your assessment!

Regards,
Katie

Katie McDaniel
Ethics & Compliance
Lilly USA, LLC
w: 317.651.2996

---

The information in this communication is confidential, private, proprietary, or otherwise privileged  and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

Confidential                                                                                                    LLY-ROD0000089



c: 317.225.9518
f: 317.277.6809

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, alteration or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 10:05 AM
To: Katherine Elizabeth McDaniel
Subject: OneNote call notes

Here you go! Thanks for your help! Please let me know if you have any questions!!!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 10/02/13 10:44:15 EST - From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 10:26 AM
To: Julia Ramos
Subject: RE: meeting for next week

One other quick note – can you please run a Veeva report (or send to me if you already have) with his call history for the last 3-4 mos.... We need to confirm that he actually has sampled after we believe his TempTale monitor went off. Thanks!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 10:24 AM
To: Julia Ramos
Subject: RE: meeting for next week

Juli –

We can talk later today....actually we may have to delay the conversation with Ray until later in the week... I spoke to US Promotional Compliance this morning and they are concerned about the notes he is putting in OneNote. They need to take them to Regulatory and have them reviewed before we can move forward....

Let me know what time works for you this afternoon. Thanks!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

From: Julia Ramos
Sent: Wednesday, October 02, 2013 10:12 AM
To: Melissa Ann Popa
Subject: Re: meeting for next week

Monday would be good. Can we talk today? Maybe later this afternoon?

From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 06:57 AM
To: Julia Ramos
Subject: meeting for next week

Juli –

I have gotten all of the appropriate information and documentation that I need to put together the interview guide. Please let me know what day next week will work best for you (other than Monday). Also, do you feel that you would like a security presence there? If so, I will need the name and address of the location where you and Ray will be meeting. I am around all day, so feel free to give me a call when it is convenient for you. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 10/02/13 13:24:30 EST - From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 1:21 PM
To: Syreeta Bernadette Barrett
Subject: RE: Dr. Dancel .pdf

Syreeta –

Thanks you for all of your information…. one more request… you indicated when we talked that you thought you had about 20 of these emails from Ray… I know I said that I only needed a sample, but now have decided that I do need the rest… could you please forward those to me at your earliest convenience? Thanks!

Melissa

***********************************************************************************************************

From: Melissa Ann Popa
Sent: Wednesday, October 02, 2013 1:24 PM
To: Syreeta Bernadette Barrett
Subject: RE: Dr. Dancel .pdf

Thanks so much!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

From: Syreeta Bernadette Barrett
Sent: Wednesday, October 02, 2013 1:22 PM
To: Melissa Ann Popa
Subject: Re: Dr. Dancel .pdf

Ok, let me see what I have left

Sent from my iPad

Mrs Melissa Popa - 10/02/13 13:25:16 EST - From: Katherine Elizabeth McDaniel
Sent: Wednesday, October 02, 2013 10:55 AM
To: Rene Elizabeth Childers
Cc: Melissa Ann Popa
Subject: FW: OneNote call notes

Rene-

Melissa called me about a case she is working on and we got to talking about another portion of the case which concerned me.

Can you work with Melissa as a consult on this portion of the case? I've requested that she obtain the rest of the notes the rep took so the interview guide can ask some clarifying questions. We'll also need Kathy to assess those notes for any regulatory concerns. We can chat live if necessary.

Thanks!
Katie

Katie McDaniel
Ethics & Compliance
Lilly USA, LLC
w: 317.651.2996
c: 317.225.9518
f: 317.277.6809

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, alteration or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

From: Katherine Elizabeth McDaniel
Sent: Wednesday, October 02, 2013 10:53 AM
To: Kathy Ann Clark
Cc: Melissa Ann Popa
Subject: RE: OneNote call notes

Thanks Kathy!

While I agree this typically would be a function for E&C or training to review, the comments within the notes made me worry that they may allude to some off-label or inappropriate conversations that the representative has had with the HCPs, and Regulatory would be the only function to make that determination. My concern here is that these will need to be reviewed at PREC (along with the findings from the interviews).
Melissa- I'll assign someone on my team to consult on this portion of
the rep's cases, and we'll want to ask some clarifying questions around the statements the rep noted in the documents to better understand if they are potentially off-label and need to be reviewed at PREC. Based on Kathy's concerns, I think we should request the rest of the notes so we can see if there are any other notes that could allude to inappropriate promotional conversations.
As always, please let me know if either of you has any questions!!
Thanks!
Thanks!
Katie

Katie McDaniel
Ethics & Compliance
Lilly USA, LLC
w: 317.651.2996
c: 317.225.9518
f: 317.277.6809

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company
(including all attachments) is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure,
alteration or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the
original message.
From: Kathy Ann Clark
Sent: Wednesday, October 02, 2013 10:37 AM
To: Katherine Elizabeth McDaniel
Cc: Melissa Ann Popa
Subject: RE: OneNote call notes

Thanks for the questions.
It seems to me that these internal communications should be marked
clearly as "for internal use only" ( or included in an introduction to sharing the information) and would be acceptable to share from one sales representative to
another partner sales representative as an internal communication. I do not know that they have been instructed to be able to keep in one
note, or to share any or this type of communication in a written format. There is no FDA US regulatory concern for internal communications, but
we need to be sure the sales force communicating with the HCP on "on label" information only & any notes about the visit should also reflect all on label
discussions or direction given if an off label question was asked. I am not clear if the following statements are on or off label as there
is missing information 1. Dr. Berberian: "Suggest progression on Tradjenta and Jentadueto
especially Pam". This may be a concern as this may indicate a di scussion of treatment strategy which is not on label discussion.2. Jacinto Group: "Spoke with
Dr. Dennis about his treatment algorithm"
This may be a concern as this may indicate a discussion of treatment strategy which is not on label discussion. 3. Jacinto Group : "She has older patients who
she listens to say some
very unlikely things about their treatment and insulin." This may be a concern as this may indicate a discussion of side effects which I can't verify or confirm if it
was reported.
I do not feel like US Ad/ Promo should review internal sales force
notes, but rather compliance & sales training should determine if they should review the other notes or notes like this & decide if this practice of taking and
sharing notes like this is acceptable & decide if reviewing these notes is an activity which should be done more broadly. Kind Regards,
Kathy

Kathy A. Clark, RN
Advisor, Global Regulatory Affairs-US Advertising/Promotion
Eli Lilly and Company
Office: 317.433.9801
Mobile: 317. 432.6184
Email: clarkka@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company
(including all attachments) is for the sole use of the intended
recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If
you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. From: Katherine Elizabeth
McDaniel
Sent: Wednesday, October 02, 2013 10:13 AM
To: Kathy Ann Clark
Cc: Melissa Ann Popa
Subject: FW: OneNote call notes

Kathy-

I'm working with Melissa Popa on an investigation, and she just sent me
some notes that a representative has taken after his calls with HCPs.
The representative has been putting these in OneNote and then sending them to his partner. Attached are four examples, but Melissa said she could request
the rest of them if you are concerned. Do you mind looking through these from a Regulatory perspective to let
me know if any of the statements are of concern? If so, can you point
those out to me? Also- if you believe we should request the rest of the notes, I can loop back with Melissa to do that. I appreciate your assessment!

Regards,
Katie

Katie McDaniel
Ethics & Compliance
Lilly USA, LLC
w: 317.651.2996
c: 317.225.9518
f: 317.277.6809

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company
(including all attachments) is for the sole use of the intended
recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, alteration or distribution is strictly prohibited. If you are not the
intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. From: Melissa Ann Popa

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee.
Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this
communication in error, please notify the sender and delete this message immediately.



Sent: Wednesday, October 02, 2013 10:05 AM
To: Katherine Elizabeth McDaniel
Subject: OneNote call notes

Here you go! Thanks for your help! Please let me know if you have any questions!!!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 10/14/13 13:49:03 EST - From: Verne Fawver
Sent: Monday, October 14, 2013 12:24 PM
To: Melissa Ann Popa
Subject: RE: Security help needed tomorrow in Texas

We are all set

Vern Fawver Global Security
Investigations and Administration
Eli Lilly and Company
Lilly Corporate Center, Indianapolis, IN 46285
Tel: 317.276.1321 Mobile: 317.370.5880 Fax: 317.276.5094

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

From: Melissa Ann Popa
Sent: Monday, October 14, 2013 10:54 AM
To: Verne Fawver
Subject: RE: Security help needed tomorrow in Texas

We need to have a visual on the TempTale monitor and if the alarm has gone off, will need him to download the data on the monitor to his computer.... Any other ideas on how to best do that? Would it be best for you and I to talk live?

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

From: Verne Fawver
Sent: Monday, October 14, 2013 10:47 AM
To: Melissa Ann Popa
Subject: RE: Security help needed tomorrow in Texas

Good morning Melissa,
I'm a bit concerned that the DSM is going to the storage unit. Is this to inventory/reconcile the samples as part of the investigation ??

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.





I will call my Houston contact and let you know. I have a good presents in that area and it should be no problem.

Vern Fawver Global Security
Investigations and Administration
Eli Lilly and Company
Lilly Corporate Center, Indianapolis, IN 46285
Tel: 317.276.1321 Mobile: 317.370.5880 Fax: 317.276.5094

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

From: Melissa Ann Popa
Sent: Monday, October 14, 2013 10:42 AM
To: Verne Fawver
Subject: Security help needed tomorrow in Texas

Verne –

We are doing an investigation interview tomorrow in Houston, TX. The DM has requested that security be present. The meeting at the hotel is scheduled for tomorrow, Oct 15th at 10:00 CST.

We don't expect that we will be making a termination decision at the end of the meeting; however there are a couple of things that are a bit unique to this case:

We are going to conduct the interview at a local hotel (DM is sending me that information to me in a few minutes) and at the end of that discussion, the DM will follow the rep to his off-site storage unit to check his samples. The security people can be outside the room at the hotel, but at the storage unit, the DM would like the security to be present/visible.

The other concern from the DM is that this EE is a veteran and he has been very clear about suffering from PTSD and is currently seeking treatment for such....I don't have any reason to think they will have to go to his home, but have included his home address just in case.

DM: Julia Ramos
Cell phone: 832-647-4566

EE: Ray Rodriguez
Sls Rep-PASADENA TX DIAB PC
HOUSTON NORTH TX DIAB PC DISTRICT
Mobile: +1-317-410-9049
Home address: 384 N Post Oak Lane
Houston, TX 77024

Address of storage facility:
Store It All Kingwood
22200 Hwy 59 North
Kingwood, TX 77339
218-358-0906

Address to hotel to be forthcoming.

Please let me know what questions you have..... I will touch base with you later today. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

Mrs Melissa Popa - 10/18/13 08:09:52 EST - From: Melissa Ann Popa
Sent: Friday, October 18, 2013 8:08 AM
To: Sonya Clark - Network
Subject: shut off of corporate Visa

Sonya –

Please shut off and cancel Ray Rodriguez's corp visa immediately as he is no longer employed with Lilly. Thanks!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

Mrs Melissa Popa - 10/18/13 08:10:33 EST - From: Melissa Ann Popa
Sent: Thursday, October 17, 2013 4:57 PM
To: Verne Fawver
Subject: Security assistance to collect assets in Houston, TX
Importance: High

Verne –

This afternoon, we did separate Ray Rodriguez from Lilly -- I have shut off his computer access and advised him that security would be in contact with him in the next couple of days to collect his assets. He does have a company car and his samples are in two refrigerators in a storage unit (the security folks were there earlier this week). The conversation did not go well... he was very angry and ended it by hanging up on Juli and I.

Please let me know if you have any additional questions. Thanks!

EE: Ray Rodriguez
Sls Rep-PASADENA TX DIAB PC
HOUSTON NORTH TX DIAB PC DISTRICT
Mobile: +1-317-410-9049
Home address: 384 N Post Oak Lane
Houston, TX 77024

Melissa A. Popa

Mrs Melissa Popa - 10/18/13 08:10:57 EST - From: Melissa Ann Popa
Sent: Thursday, October 17, 2013 1:57 PM
To: Julia Ramos
Subject: Script

Here you go – I will call you at 3:30 to discuss any questions that you may have. Thanks!

Melissa

Mrs Melissa Popa - 10/18/13 08:47:22 EST - 10.17.13
Called 77000 to do emergency shut off of accounts:
TT INC0043980 and INC0043984

Mrs Melissa Popa - 10/18/13 08:59:05 EST - 10.17.13
Julia Ramos and Melissa Popa [HR] were on the phone with Ray Rodriguez. Juli delivered the message that he was being seperated from Lilly [see attachedment script]

Ray inquired about severance - HR advised that because he was being seperated for miscounduct, he was eligible for severance.
Ray was angry and stated that his termination was a 'travesty' - he stated that it was 'a lie' that he ecouraged someone else to violate Lilly policies.

Advised him that I would be sending him benfit informaiton and he provided me his personal email address and also advised him that security would be in contact to collect his assets.

he ended the call by hanging up the phone.

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



********************************************************************************************

HR advised Juli to call Syreeta Barett to advise her that Ray was no longer with the company before the message goes out to her broader team. We discussed the message to Syreeta including safety informaiton and the offer for her to be connected with our corp secutiy team if she wanted.

Mrs Rene Childers - 10/21/13 09:22:07 EST - I have reviewed the employee's responses and based on what he provided, this case will not be reviewed at PREC.

A violation of the US Policy on Documenting a Sales Call has occurred:

A sales representative should not record any information regarding an appropriate HCP customer's statements, questions, or actions during a sales call outside of an approved sales call recording system.

Mrs Melissa Popa - 10/23/13 09:35:25 EST - From: JooHee Han Dodge
Sent: Tuesday, October 22, 2013 10:48 AM
To: Melissa Ann Popa
Cc: Jamie K Steinmetz
Subject: Alarm event for Ray Rodriguez

Hello Melissa

I work in CIQ with Jamie Steinmetz and she mentioned that you were working on an investigation for sales rep Ray Rodriguez. I sent him a message on 10/17 for some information we need to complete an assessment of his refrigerator alarm event and have not received a response. When attempting to look him up in LillyNet, I was not able to find him.

Jamie mentioned that you may have some information regarding his alarm event – would you be able to share that information with me? Specifically, I am interested in confirming appropriate set-up of his refrigerator per Job Aid instructions as well as information related to continuous monitoring. Or would his DM be available for follow-up and if so, would you be able to provide the DM's name?

Thank you.

JooHee Dodge, Pharm.D.
Associate Consultant - Quality Assurance, US Customer Information Quality
Eli Lilly & Company, Lilly USA, LLC
Phone: (317) 276-6524
Email: dodgejh@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 10/23/13 09:36:34 EST - From: Eers Exited Employees
Sent: Wednesday, October 23, 2013 9:26 AM
To: Melissa Ann Popa
Subject: RE: shut off of corporate Visa

Ray Rodriguez corporate card is terminated.

Sonya Clark|EERS Assistant
EMAIL/PHONE:
Phone + 1-877-305-0969
Fax + 1-317-277-5807
Email: exited_employees_eers@Lilly.com

From: Melissa Ann Popa
Sent: Friday, October 18, 2013 8:08 AM
To: Sonya Clark - Network
Subject: shut off of corporate Visa

Sonya –

Please shut off and cancel Ray Rodriguez's corp visa immediately as he is no longer employed with Lilly. Thanks!

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE
Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

Mrs Melissa Popa - 10/23/13 09:45:01 EST - -----Original Message-----
From: Melissa Ann Popa
Sent: Wednesday, October 23, 2013 9:19 AM
To: Rene Elizabeth Childers
Subject: RE: Missed call

Rene --

Good morning.... the samples referenced below will be destroyed as the employee is longer with the company and that it the standard procedure given the nature of his departure. I am working back with Jamie's team as well to close the loop on this. Thanks for all of your help on this one. Please let me know if you have any other questions. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
From: Rene Elizabeth Childers
Sent: Monday, October 21, 2013 9:24 AM
To: Melissa Ann Popa
Cc: Katherine Elizabeth McDaniel
Subject: RE: Missed call

Hi Melissa,

I reviewed the ee responses and based on what he provided, it is not necessary to review the information at PREC. I entered my notes around this and policy violation in the case this morning.

In regards to the samples, was Jamie Steinmetz able to provide the information needed? Because of the shared concerns, I may recommend considering return of the samples rather than redistributing. I am sure quality has provided guidance, but thought it was worthwhile to mention. If I can assist in any way, please let me know.

Thanks, Melissa.

-----Original Message-----
From: Katherine Elizabeth McDaniel
Sent: Monday, October 21, 2013 8:23 AM
To: Rene Elizabeth Childers
Cc: Melissa Ann Popa
Subject: FW: Missed call

Rene-

I didn't do a good job at all of looping back with Melissa (sorry Melissa), as I got interrupted right when I read the attachment. Take a look, but I don't see any evidence of anything that we'll need to take to PREC.
Katie

Katie McDaniel
Ethics & Compliance

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

Lilly USA, LLC
w: 317.651.2996
c: 317.225.9518
f: 317.277.6809

CONFIDENTIALITY NOTICE: This e-mail message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential information. Any unauthorized review, use, disclosure, alteration or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message.

-----Original Message-----
From: Melissa Ann Popa
Sent: Friday, October 18, 2013 7:55 AM
To: Katherine Elizabeth McDaniel
Subject: RE: Missed call

Sure... I just wanted to follow up with you re: the case I worked on re: the rep who was keeping notes outside of Veeva...I have been working with Rene but I know that she is out of vacation this week. Here are his responses to the questions re: potential off label promotion. Also, I did want to let you know that he is no longer an employee of Lilly. Please let me know if you have any additional questions. Thanks!

Melissa

Melissa A. Popa
Consultant – Human Resources – Global Investigations COE Eli Lilly and Company
Office: 317-276-0950
Mobile: 317-414-6864
Fax: 317-277-7642
Email: mpopa@lilly.com | Web: http://www.lilly.com

CONFIDENTIALITY NOTICE: This email message from Eli Lilly and Company (including all attachments) is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure, copying, or distribution is strictly prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.

-----Original Message-----
From: Katherine Elizabeth McDaniel
Sent: Thursday, October 17, 2013 5:14 PM
To: Melissa Ann Popa
Subject: Missed call

Sorry I missed you. Can we catch up tomorrow?

Thanks!
Katie

Sent from my iPhone

## EEO and HR Notes

Mr Michael Postel - 10/22/13 07:41:44 EST - 10/16/2013 - Melissa and I discussed this case on multiple dates. On 10/16, Melissa informed me of the results of the interview with Rodriguez - temp tale monitor had been going off since June, continued to sample, call falsification on dr who was on vacation. I advised I was supportive of separation for misconduct.

10/17/2013 - Melissa and I discussed case with Sandy Sommers, HR Legal. All aligned on separation for several acts of misconduct including failing to monitor his own temp tale alarm, continuing to sample 185 times, encouraging others to ignore the reporting requirements with regard to the temp tell alarm, and falsification for calls reported on dr who was on vacation.

## Investigation Summary

Mrs Melissa Popa - 10/18/13 08:38:08 EST - An investigation was conducted in the allegation of a violation of the following policies:
US Policy on Documenting a Sales Call
US Policy on Business Meals with External Parties
US Policy on Promotional Product Samples
The implicated employee, Ray Rodriguez, Sales Representative [Diabetes]; the reporter Syreeta Barrett, Sales Representative [Diabetes] and Julia Ramos, District Sales Manager [Diabetes] were interviewed.
Melanie Smith and Kelsey Miller of the Global Investigations team, Michael Postel from EEO/HR Government Commitments and Sandy Sommers from HR Legal were consulted as part of the investigation.
Expense reports [including sign in sheets and receipts], Call reports/notes from Veeva and OneNote, Data from 2 TempTale monitors and CIQ procedure

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



documents were reviewed.
The investigation determined that the actions by the employee did result in violations of the following policies:
US Policy on Documenting a Sales Call
US Policy on Business Meals with External Parties
US Policy on Promotional Product Samples
The employee, Ray Rodriguez was separated from Lilly.

## Contact History

| Type | Direction | From | Date | Description |
|---|---|---|---|---|
| Telephone Number | Incoming | Ms Julia Ramos | Sep 4, 2013 | |
| Telephone Number | Incoming | Mr Ray Rodriguez | Sep 9, 2013 | |

## Attachments

| Attachment Type | Document Name | Description | Uploaded by | Uploaded on |
|---|---|---|---|---|
| General Documentation | img-904072647-0001.pdf | Email from Ray to Juli | Nancy Dillon | 09/04/13 08:22:32 EST |
| General Documentation | ray expenses July.pdf | July expenses | Melissa Popa | 09/20/13 08:40:47 EST |
| General Documentation | FVM 0724.pdf | July FVM | Melissa Popa | 09/20/13 08:41:05 EST |
| General Documentation | ray program expense July.pdf | Program expense | Melissa Popa | 09/20/13 08:41:25 EST |
| General Documentation | USCIQ-TL-413-001-003-Kenmore-Refrigerator- | CIQ training | Melissa Popa | 09/20/13 08:41:40 EST |
| General Documentation | Team compliance coaching 091113.pdf | Team compliance coaching | Melissa Popa | 09/20/13 08:41:58 EST |
| General Documentation | Ray Rodriguez Notes.docx | Notes | Melissa Popa | 09/20/13 08:42:28 EST |
| General Documentation | RE Ray Rodriquez Security Concern.msg | Security concern | Melissa Popa | 10/21/13 07:52:57 EST |
| General Documentation | Copy of Compliance FV Monitoring Form - RR 2013 | Compliance form | Melissa Popa | 10/08/13 08:51:19 EST |
| General Documentation | GSW_LD_July2013_My Educator Leave Behind | DBU promotional material | Melissa Popa | 10/08/13 08:54:28 EST |
| General Documentation | FW Question regarding new educator programs. | USPromoComplaince email | Melissa Popa | 10/08/13 08:54:52 EST |
| General Documentation | USPromoComplainceDiscussion Guide.docx | Discussion questions | Melissa Popa | 10/08/13 08:55:10 EST |
| General Documentation | Rodriguez_Ddiscussion guideFINAL.docx | Final interview guide | Melissa Popa | 10/16/13 15:04:58 EST |
| General Documentation | Expense Report July 2013.pdf | July 2013 expense report | Melissa Popa | 09/30/13 08:29:21 EST |
| General Documentation | Expense Report Aug 2013.pdf | Expense report August 2013 | Melissa Popa | 09/30/13 08:29:48 EST |
| General Documentation | Expense Report July 2013 Tradi.pdf | Expense report 2 2013 | Melissa Popa | 09/30/13 08:30:07 EST |
| General Documentation | Dr. Berberian.pdf | Call notes | Melissa Popa | 09/30/13 08:30:39 EST |
| General Documentation | Dr. Thriveni Vellore MD.pdf | Call notes | Melissa Popa | 09/30/13 08:30:51 EST |
| General Documentation | Dr. Dancel .pdf | Call notes | Melissa Popa | 09/30/13 08:31:06 EST |
| General Documentation | Jacinto Group (Baytown).pdf | Call notes | Melissa Popa | 09/30/13 08:31:42 EST |
| General Documentation | RR Expense Summaries.msg | Email | Melissa Popa | 09/30/13 08:33:06 EST |
| General Documentation | EMailfromSyreetaBarrett.msg | Email from SBarrett #1 | Melissa Popa | 09/30/13 08:35:04 EST |
| General Documentation | Re 2nd Request follow up.msg | Email from SBarrett #2 | Melissa Popa | 09/30/13 08:35:18 EST |
| General Documentation | Killam1.png | Killam1 | Melissa Popa | 09/30/13 08:36:31 EST |

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.



## Attachments

| | | | | |
|---|---|---|---|---|
| General Documentation | Killam2.png | Killam2 | Melissa Popa | 09/30/13 08:36:42 EST |
| General Documentation | Fwd Dr. Ali.pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:10:27 EST |
| General Documentation | Fwd Dr. Castillo .pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:10:41 EST |
| General Documentation | Fwd Dr. Gupta.pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:10:54 EST |
| General Documentation | Fwd Dr. Terry.pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:11:09 EST |
| General Documentation | Fwd Dr. Walmsley.pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:11:22 EST |
| General Documentation | Fwd Jacinto Group (Baytown).pdf.msg | Call Notes | Melissa Popa | 10/02/13 15:11:36 EST |
| General Documentation | Plan for Separation.pdf | Seperation script | Melissa Popa | 10/18/13 08:11:41 EST |
| General Documentation | Rodriguez_Ddiscussion guideFINA101813.pdf | FINAL discussion guide complete | Melissa Popa | 10/18/13 08:12:01 EST |
| General Documentation | Follow up notes.pdf | Follow up notes for US Promo Compliance | Melissa Popa | 10/18/13 08:12:23 EST |
| General Documentation | Benefit information.msg | Rodriguez fbenefits email | Melissa Popa | 10/18/13 08:46:06 EST |
| General Documentation | RodriguezTempTale1.pdf | TempTale Report | Melissa Popa | 10/16/13 11:45:36 EST |
| General Documentation | Rodriguez TempTale2.pdf | Temp Tale Report | Melissa Popa | 10/16/13 11:45:50 EST |
| General Documentation | Ray Rodriguez Temptale monitor documents.msg | Ramos Email | Melissa Popa | 10/16/13 11:46:07 EST |

The information in this communication is confidential, private, proprietary, or otherwise privileged and is intended only for the use of the addressee. Unauthorized use, disclosure, distribution or copying is strictly prohibited and may be subject to protection under the law. If you have received this communication in error, please notify the sender and delete this message immediately.

**Rodriguez v. Eli Lilly and Company, *et al.***

**Declaration of Melissa A. Popa**

**Exhibit 4**

Cancel Interaction

Edit
Record
Launch
Accou
View H
Calend
Profes

Addresses
Interaction
Items Left
Medical R
Parent Hie
Survey Re
Meeting In

## Interaction Details

Account RONALD KILLAM

Location --None--

Sample Status

Address 13111 EAST FWY, STE 303, HOUSTON, TX 77015

## Interaction Details

Record Type Interaction

Interaction Id I017070740

Interaction Type Detail Only

Status Submitted

Datetime 8/20/2013, 2:41 PM

Signature Date

Owner Ray Rodriguez

## Detailing Order - Follow business guidance on proper detail order

1. TRADJENTA-DPP4
2. JENTADUETO-TOTAL

roducts
RON-TO...
A-DPP4
RATTERA
A-DPP4...

**<u>Rodriguez v. Eli Lilly and Company, *et al.*</u>**

**<u>Declaration of Melissa A. Popa</u>**

**<u>Exhibit 5</u>**

# TEA002798153 HCP expenses for Duarte, Rios, and Daumas

Monday, February 16, 2015
3:15 PM

## Travel & Expense Account
## Transmittal Page

TEA002798153

| SUBMIT RECEIPTS TO | |
|---|---|
| **Fax Number** 571-223-2714 (United States) | |
| **InterCompany Address** | |
| **International Receipts - FAX then mail** ELI LILLY & COMPANY GEN. DISB. DC 1054 LILLY CORPORATE CENTER INDIANAPOLIS, IN 46285 | |

| SUMMARY INFORMATION | |
|---|---|
| **Name** | Ray A Rodriguez |
| **Employee number** | 0607262 |
| **Expense dates** | 06/26/13-07/24/13 |
| **Total Expenses** | $152.21 USD |
| **Credit card remittance** | $152.21 USD |
| **Amount due Employee** | 0.00 USD |
| **Form ID** | TEA002798153 |
| **Approver** | Julia Ramos |
| **Business Purpose** | |

### DIRECTIONS FOR SUBMISSION

Fax the receipts and other appropriate documentation with this page. Do not attach other cover sheets.

Do NOT include unused (partially or wholly) airline tickets. Return ALL unused tickets to your travel agency.

US Employees: International expenses only. FAX THIS PAGE WITH RECEIPTS THEN MAIL THE ORIGINAL RECEIPTS TO THE ABOVE ADDRESS.

### REQUIRED RECEIPTS

| Rec. # | Date | Receipt Item | Amount | If not submitted - Explain |
|---|---|---|---|---|
| 1) | 06/27/13 | Receipt Required | | |
| 2) | 07/18/13 | Receipt Required | | |
| 3) | 07/24/13 | Receipt Required | | |
| 4) | 06/27/13 | HCP in-office business meal/snack | 325.56 USD | |
| 5) | 07/18/13 | HCP in-office business meal/snack | 293.90 USD | |
| 6) | 07/24/13 | HCP in-office business meal/snack | 207.89 USD | |

# Travel & Expense Account
# Employee and Expense Summary

| REPORT INFORMATION | |
|---|---|
| Name | Ray A Rodriguez |
| Employee number | 0807262 |
| Form ID | TEA002798153 |
| Approver | Julia Ramos |
| Business Purpose | |

| REPORT TOTALS | |
|---|---|
| Report Total | 1152.21 USD |
| Company Paid + Non-Reimbursable | 0.00 USD |
| Total Amount Due Employee | 1152.21 USD |
| Credit card remittance | 1152.21 USD |
| Amount due Employee | 0.00 USD |

*** Charges are in USD unless otherwise noted*

**EXPENSE DATA SUMMARY**

| Date | Expense Item | Amount | Payment Type | Country | Ex. Rate | Charge to | USD |
|---|---|---|---|---|---|---|---|
| 06/26/13 | Parking/Tolls | 4.00 | Corporate Card | United States (US | 1.00 | | 4.00 |
| 06/27/13 | HCP in-office business meal/snack | 325.56 | Corporate Card | United States (US | 1.00 | | 325.56 |
| 06/29/13 | Company Car ( Wash ) | 16.00 | Corporate Card | United States (US | 1.00 | | 16.00 |
| 07/03/13 | Copies/Fax | 14.73 | Corporate Card | United States (US | 1.00 | | 14.73 |
| 07/05/13 | Storage | 138.00 | Corporate Card | United States (US | 1.00 | | 138.00 |
| 07/09/13 | Parking/Tolls | 40.00 | Corporate Card | United States (US | 1.00 | | 40.00 |
| 07/10/13 | Dedicated business cellular phone | 80.00 | Corporate Card | United States (US | 1.00 | | 80.00 |
| 07/10/13 | Copies/Fax | 16.13 | Corporate Card | United States (US | 1.00 | | 16.13 |
| 07/18/13 | HCP in-office business meal/snack | 293.90 | Corporate Card | United States (US | 1.00 | | 293.90 |
| 07/24/13 | Company Car ( Wash ) | 16.00 | Corporate Card | United States (US | 1.00 | | 16.00 |
| 07/24/13 | HCP in-office business meal/snack | 207.89 | Corporate Card | United States (US | 1.00 | | 207.89 |

**Charge to**

**Charge to:** Default Cost Center/Cost element

**Cost Center:** 703A8J3

## Travel & Expense Account
## Expense and Miscellaneous Detail

| EXPENSE DETAIL SUMMARY | | | | | | |
|---|---|---|---|---|---|---|
| Date | Expense Item | Amount | Expense is | Business Purpose | Category | Receipt Required |
| 06/26/13 | Parking/Tolls | 4.00 | Reimbursable | | | No |
| 06/27/13 | HCP in-office business meal/snack | 325.56 | Reimbursable | | | Yes |
| 06/29/13 | Company Car ( Wash ) | 16.00 | Reimbursable | | | No |
| 07/01/13 | Copies/Fax | 14.73 | Reimbursable | | | No |
| 07/01/13 | Storage | 138.00 | Reimbursable | | | No |
| 07/09/13 | Parking/Tolls | 40.00 | Reimbursable | | | No |
| 07/10/13 | Dedicated business cellular phone | 80.00 | Reimbursable | | | No |
| 07/10/13 | Copies/Fax | 16.15 | Reimbursable | | | No |
| 07/18/13 | HCP in-office business meal/snack | 293.90 | Reimbursable | | | Yes |
| 07/24/13 | Company Car ( Wash ) | 18.00 | Reimbursable | | | No |
| 07/24/13 | HCP in-office business meal/snack | 207.89 | Reimbursable | | | Yes |

### HCP in-office business meal/snack

**Date:** 06/27/13
**Amount:** 325.56
**City:** TX,HOUSTON
**Business Purpose:**
**# Attendees/Recipient:** 20
**# Non-HCPs:** 16
**Attendees/Recipient:** Rodriguez, Ray A. DUARTE, JAIME E (MD) MONCAYO, SONIA P (MD) MONCAYO, RAFAEL E (MD)
**Product Focus:** Humalog(50%), Tradjenta(50%)

### HCP in-office business meal/snack

**Date:** 07/18/13
**Amount:** 293.90
**City:** TX,HOUSTON
**Business Purpose:**
**# Attendees/Recipient:** 20
**# Non-HCPs:** 15
**Attendees/Recipient:** Rodriguez, Ray A. DAI, ZHIHAO (MD) CARRERO, ANGELA (MD) RIOS, FELIPE (MD) SALCEDO, EVA S (MD)
**Product Focus:** Humalog(50%), Tradjenta(50%)

### HCP in-office business meal/snack

**Date:** 07/24/13
**Amount:** 207.89
**City:** TX,HOUSTON
**Business Purpose:**
**# Attendees/Recipient:** 9
**# Non-HCPs:** 6
**Attendees/Recipient:** Rodriguez, Ray A. DAUMAS, LILETTE (MD) Ramos, Julia
**Product Focus:** Humalog(50%), Tradjenta(50%)

**Rodriguez v. Eli Lilly and Company, *et al.***

**Declaration of Melissa A. Popa**

**Exhibit 6**

# Travel & Expense Account
# Transmittal Page

TEA002798153

| SUBMIT RECEIPTS TO | SUMMARY INFORMATION |
|---|---|

**Fax Number**
571-223-2714 (United States)

**InterCompany Address**

**International Receipts - FAX then mail**
ELI LILLY & COMPANY
GEN. DISB. DC 1054
LILLY CORPORATE CENTER
INDIANAPOLIS, IN 46285

| | |
|---|---|
| **Name** | Ray A Rodriguez |
| **Employee number** | 0607262 |
| **Expense dates** | 06/26/13-07/24/13 |
| **Total Expenses** | 1152.21 USD |
| **Credit card remittance** | 1152.21 USD |
| **Amount due Employee** | 0.00 USD |
| **Form ID** | TEA002798153 |
| **Approver** | Julia Ramos |
| **Business Purpose** | |

**DIRECTIONS FOR SUBMISSION**

Fax the receipts and other appropriate documentation with this page. Do not attach other cover sheets.

Do NOT include unused (partially or wholly) airline tickets. Return ALL unused tickets to your travel agency.

US Employees: International expenses only. FAX THIS PAGE WITH RECEIPTS THEN MAIL THE ORIGINAL RECEIPTS TO THE ABOVE ADDRESS.

**REQUIRED RECEIPTS**

| Rec. # | Date | Receipt Item | Amount | If not submitted - Explain |
|---|---|---|---|---|
| 1) | 06/27/13 | Receipt Required | | |
| 2) | 07/18/13 | Receipt Required | | |
| 3) | 07/24/13 | Receipt Required | | |
| 4) | 06/27/13 | HCP in-office business meal/snack | 325.56 USD | |
| 5) | 07/18/13 | HCP in-office business meal/snack | 293.90 USD | |
| 6) | 07/24/13 | HCP in-office business meal/snack | 207.89 USD | |

Confidential LLY-ROD0008683

VTReceipt

RX CATERING HOUSTON
9203 STELLA LINK RD
HOUSTON, TX 77025
7134109091

Date: 6/27/2013 Time: 9:02:19 AM [CDT]

| | |
|---|---|
| Trans Type: | RepeatSale |
| Customer ID: | RaymondR |
| Transaction #: | 116030273 |
| Name: | Raymond A Rodriguez |
| Account: | ************9370 |
| Exp Date: | **** |
| Card Type: | VISA |
| Entry: | Manual |
| AuthCode: | 066288 |
| Result: | Approved |
| Message: | APPROVAL |
| Batch Number: | 432 |
| **Amount:** | **$325.56** |

**Tip Amt:** ________

**Total Amt:** ________

I Agree to Pay Above Total Amount According to Card Issuer Agreement (Merchant Agreement if Credit Voucher)

Signature X______________________

# Business Meal Provided By Eli Lilly and Company

Answers That Matter.

By collecting the following information from you at the time of the event, Lilly hopes to prevent any inaccurate food and beverage transfer of value reporting required by applicable state and federal government requirements – making it less likely you'll need to spend your time reviewing our published reports for accuracy or requesting corrections.

| | Attendee Name (Printed) If you are currently licensed in MA, VT or MN, please speak with your Lilly Representative | Attendee Signature | Professional Designation (e.g. MD, DO, RN, RPH, Office Manager etc.) | Acceptance of Business Meal (Yes/No or No Show) |
|---|---|---|---|---|
| 1 | Silvia Gutierrez | [signature] | Manag Ass | Yes |
| 2 | Edgar Guzman Jurado | [signature] | MD | Yes |
| 3 | Sonia Monuayo | [signature] | MD | yes |
| 4 | Jaime Duarte | [signature] | MD | yes |
| 5 | Miguel Dolignte | [signature] | PD | yes |
| 6 | Paulina D. Tobiar | [signature] | MA | yes |
| 7 | Jessica Salinas | [signature] | MA | yes |
| 8 | Bianca Camacho | [signature] | MA | yes |
| 9 | Jessica Zepeda | [signature] | MA | Yes |
| 10 | Cristina Lara | [signature] | front desk | yes |
| 11 | Laura Lara | [signature] | front desk | yes |
| 12 | Elizabeth Otero | [signature] | MA | yes |
| 13 | Wendy Jackson | [signature] | MD | yes |
| 14 | Daine Gonzalez | [signature] | front desk | yes |

This section to be completed by Lilly Personnel Only

| Meal Location | e.g. Dr. Smith's office or name of restaurant | Duarte MD | City & State | |
|---|---|---|---|---|

| Total Meals Served | | Total Meals Not for MD, DO, NP, PA, RPh or Lilly Attendees | | Total Meals for Prescribers (MD, DO, NP, PA, or RPh) and Lilly Attendees | |
|---|---|---|---|---|---|

| Program ID # | | Date & Time | |
|---|---|---|---|

[illegible]

[illegible]TERING HOUSTON
[illegible] STELLA LINK RD
HOUSTON, TX 77025
[illegible]4109091

Date: 7/18/2013 Time: 9:35 AM CDT

| | |
|---|---|
| Trans Type: | RepeatSale |
| Customer ID: | RaymondR |
| Transaction #: | 118573313 |
| Name: | Raymond A Rodriguez |
| Account: | ************9370 |
| Exp Date: | **** |
| Card Type: | VISA |
| Entry: | Manual |
| AuthCode: | 080141 |
| Result: | APPROVED |
| Message: | APPROVAL |
| Batch Number: | 446 |
| **Amount:** | **$293.90** |
| **Tip Amt:** | -------- |
| **Total Amt:** | -------- |

I Agree to Pay Above Total Amount According to Card Issuer Agreement (Merchant Agreement if Credit Voucher)

Signature X________________________



# Business Meal Provided By Eli Lilly and Company

Answers That Matter.

By collecting the following information from you at the time of the event, Lilly hopes to prevent any inaccurate food and beverage transfer of value reporting required by applicable state and federal government requirements – making it less likely you'll need to spend your time reviewing our published reports for accuracy or requesting corrections.

| | Attendee Name (Printed) If you are currently licensed in MA, VT or MN, please speak with your Lilly Representative | Attendee Signature | Professional Designation (e.g. MD, DO, RN, RPH, Office Manager etc.) | Acceptance of Business Meal (Yes/No or No Show) |
|---|---|---|---|---|
| 1 | Amanda Gallardo | [signature] | | |
| 2 | Brenda Ramirez | [signature] | | |
| 3 | Mireya Copart | [signature] | MA | |
| 4 | Blanca Hungria | [signature] | | |
| 5 | Isabel Vela | [signature] | [illegible] | |
| 6 | Eva Saucedo | [signature] | [illegible] | |
| 7 | Elvia Garza | [signature] | [illegible] | |
| 8 | Janie Pace | [signature] | | |
| 9 | [illegible] | | | |
| 10 | [illegible] | [signature] | [illegible] | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

*Section to be completed by Lilly Personnel Only*

| Meal Location | e.g. Dr. Smith's office or name of restaurant | Rios | City & State | |
|---|---|---|---|---|
| [illegible] | | Total Meals Not for MD, DO, NP, PA, RPh or Lilly Attendees | | Total Meals for Prescribers (MD, DO, NP, PA, or RPh) and Lilly Attendees |
| [illegible] | | Date & Time | | |
| [illegible] Representative / [illegible] Name (Printed) | | | | |

[illegible] HOUSTON
[illegible] STELLA LINK RD
HOUSTON, TX 77025
[illegible]

Date: 7/24/2013 Time: 8:01 AM CDT

| | |
|---|---|
| Trans Type: | RepeatSale |
| Customer ID: | RaymondR |
| Transaction #: | 119252949 |
| Name: | Raymond A Rodriguez |
| Account: | ************9370 |
| Exp Date: | **** |
| Card Type: | VISA |
| Entry: | Manual |
| AuthCode: | 031545 |
| Result: | APPROVED |
| Message: | APPROVAL |
| Batch Number: | 451 |
| **Amount:** | **$207.89** |
| **Tip Amt:** | ________ |
| **Total Amt:** | ________ |

I Agree to Pay Above Total Amount According to Card Issuer Agreement (Merchant Agreement if Credit Voucher)

Signature X________________________

# Business Meal Provided By Eli Lilly and Company

Answers That Matter.

By collecting the following information from you at the time of the event, Lilly hopes to prevent any inaccurate food and beverage transfer of value reporting required by applicable state and federal government requirements – making it less likely you'll need to spend your time reviewing our published reports for accuracy or requesting corrections.

| | Attendee Name (Printed) If you are currently licensed in MA, VT or MN, please speak with your Lilly Representative | Attendee Signature | Professional Designation (e.g. MD, DO, RN, RPH, Office Manager etc.) | Acceptance of Business Meal (Yes/No or No Show) |
|---|---|---|---|---|
| 1 | Ron Britsch | [signature] | OM | |
| 2 | Rosa Hernandez | Rosa Hernandez | MA | |
| 3 | LILETTE DAUMAS | [signature] | | |
| 4 | Daniela Herrera | [signature] | | |
| 5 | Lydia Garza | [signature] | | |
| 6 | | | | |
| 7 | | | | |
| 8 | | | | |
| 9 | | | | |
| 10 | | | | |
| 11 | | | | |
| 12 | | | | |
| 13 | | | | |
| 14 | | | | |

*This section to be completed by Lilly Personnel Only*

| Meal Location | e.g. Dr. Smith's office or name of restaurant | Dr. Daumas | City & State | |
|---|---|---|---|---|
| Total Meals Provided | | Total Meals Not for MD, DO, NP, PA, RPh or Lilly Attendees | | Total Meals for Prescribers (MD, DO, NP, PA, or RPh) and Lilly Attendees |
| Program ID # (If applicable) | | Date & Time | | |
| Lilly Representative / [illegible] (Printed) | | | | |